BOARD OF COUNTY COMMISSIONERS OF MEEKER COUNTY *vs.*
CHAUNCEY BUTLER and others.

January 10, 1879.

Deposit of County Funds—Bond of Depositary.—Laws 1873, *c.* 38, § 1, subd.
2, authorizes a designation, *i. e.* a selection, of a depositary of county
funds by the board of county auditors, before the execution of the bond
required to be executed by such depositary; but by subdivision 3, this
designation is not to become operative, so as to authorize the deposit of
funds with the depositary, until the bond is furnished, and approved by
the board of county commissioners. The effect of a recital in a deposit-
ary bond, which is made part of a complaint, considered with reference
to the question of the sufficiency of the complaint in this case. A
depositary bond is not invalid, because it does not secure the payment
of interest upon deposits made under it.

Appeal by defendants from an order of the district court
for Meeker county, *Brown*, J., presiding, overruling a demur-
rer to the complaint.

*Campbell & Spooner* and *I. V. D. Heard,* for appellants.

*Strobeck & Plumley,* for respondent.

BERRY, J. This is an action upon a bond dated October 16,
1877, and claimed by the plaintiff to have been executed by
defendant Butler as principal, and the other defendants as
sureties, under and in accordance with Laws 1873, *c.* 38;
Gen. St. 1878, *c.* 8, § 150 (131.) The bond is conditioned as
follows, viz.: "That whereas the board of auditors of said
Meeker county have designated the Bank of Litchfield, which
is owned, operated and controlled by said Chauncey Butler,
as the depositary in which the funds of said Meeker county
shall be deposited by the treasurer thereof; and whereas the
said Chauncey Butler is about to accept said trust: Now,
therefore, if the said Chauncey Butler shall pay over and
deliver unto the treasurer of said Meeker county, or to his
order, or to any other duly authorized officer or agent of said
county, all moneys which are, or may have been deposited
with him, the said Chauncey Butler, by or on account of said

Meeker county, on demand therefor, and in the manner required by law, then this obligation to be null and void; otherwise, to be and remain in full force and effect." It is objected that the bond is not authorized by the statute, because the recital shows that the Bank of Litchfield, which is evidently only a business name of defendant Butler, was designated as the depositary before the bond was executed, whereas subdivision 3 of section 1, of chapter 38 aforesaid, provides that *before* any such designation, a bond shall be executed, etc. This objection rests upon a misconception of the statute. The second subdivision of section 1, chapter 38, clearly authorizes a designation *i. e.* a selection, of a depositary by the board of county auditors, before the execution of the required bond; but by subdivision 3, this designation is not to become operative, so as to authorize the deposit of funds with the proposed depositary, until the required bond is furnished, and approved by the board of county commissioners. The effect is that while the designation is made by the selection by the board of auditors, it does not become completely effectual as a designation, until the furnishing and approval of the bond. When the bond is furnished, and when it is approved by the board of county commissioners, then the designation previously made by the board of auditors takes full effect.

The complaint alleges that the bond was approved by the board of county commissioners. It is objected that the complaint does not show that some of the steps required by the statute to be taken, as preliminary to the designation of the depositary, have been taken. It is alleged in the complaint that the bond was "duly taken and received by said county of Meeker." But, irrespective of this allegation, the defendants are in this dilemma. A bond having been executed and approved, and containing the recital of Butler's designation as depositary of the county moneys, and, thereupon, the money of the county having been deposited by the county treasurer with Butler, and received by him presumably under

the bond, and the county treasurer having no authority to deposit, or Butler to receive, such moneys, except upon the basis that Butler is the legal depositary thereof, under chapter 38, if Butler has been duly designated as such depositary in the manner provided by law, his sureties are clearly liable for any breach in the condition of the bond; and if he has not been so duly designated, they are equally liable, because they are, as against the public,—*i. e.*, the county—estopped to deny such designation, by the consideration that to permit such denial would be to allow them to take advantage of their own wrong in unlawfully getting possession of the county moneys. In any event, then, the objection taken is untenable.

It appears in the complaint that some of the county moneys in Butler's hands had been deposited with him by the county treasurer before the execution of the bond, and it is contended by defendants that the statute authorizes the bond for future deposits only. As to this point, it is enough to say that the effect of the words in the bond, "All moneys * * which are or may have been deposited," etc., is sufficient to bring the moneys previously deposited within the influence and security of the bond, and in legal effect to accomplish a redeposit thereof under the bond.

As to the objection that the bond is void because it does not secure interest upon deposits, while it would be highly proper that the interest should be secured by the bond, the statute does not so require. If it did so require, there is no reason why the bond would not be good and valid as far as it went.

It is further urged by defendants that it does not appear in the complaint that any moneys were deposited with Butler "in the name of the proper county," as required by chapter 38 aforesaid. The complaint alleges that moneys of the county of Meeker, in the hands of the county treasurer, as such, were deposited with Butler by said county treasurer, as such treasurer. The presumption is that the county treasurer performed his duty in the premises by making the deposits

in the name of his county, as the law requires. The other points made by defendants do not appear to us to require comment, further than to say that they are untenable.

Order affirmed.