## COUNTY OF HALL v. WILLIAM THOMSSEN ET AL.

FILED FEBRUARY 6, 1902.　No. 11,780.

Commissioner's opinion, Department No. :.

1. **Depository Bond**: CONTINUING LIABILITY. Under the terms of the statute providing for the depositing of public funds by the county treasurer in depository banks, a depository bond of such bank is a continuing liability, which can be discharged only by the paying-out of the funds deposited on account of the giving of the bond.

2. ———: ———: CHECK. An outgoing county treasurer delivered to his successor two checks in lieu of cash, aggregating $10,000, and covering that sum of money deposited in a bank which had qualified under the law as a depository of county funds, and took such checks to the bank and had them certified, instead of drawing out the cash, after which the bank failed. *Held*, that this transaction did not amount to a redeposit of the funds as a general deposit, and that the liability of the bank upon its depository bond continued.

ERROR from the district court for Hall county. Tried below before SEDGWICK, J. *Affirmed*.

*Charles G. Ryan, W. S. Pearne* and *R. R. Horth*, for plaintiff in error.

*William H. Thompson* and *Othman A. Abbott, contra*.

KIRKPATRICK, C.

This is an action brought in the district court of Hall county against William Thomssen and the Fidelity & Deposit Company of Maryland, a corporation. The action was upon the bond of Thomssen as county treasurer, upon

which the Fidelity & Deposit Company was surety. The petition pleaded the election of Thomssen as county treasurer, and the execution, delivery and approval of his bond, a copy of which was set out in the petition, and prayed judgment against the defendants for $21,985.61, the amount of Thomssen's alleged shortage. The defendants answered separately, and among other matters, alleged that prior to the commencement of the term of William Thomssen as treasurer, the Bank of Commerce of Grand Island had given bond to the county, and had become a depository of county funds to the extent of $10,000, which amount in county funds had been deposited therein by the predecessor of Thomssen, and that said $10,000 was part of the alleged shortage mentioned in the petition, and that said $10,000 had never been drawn out of the bank of Commerce by Thomssen, and that the same still remained therein, except $4,000 paid by the receiver of said bank, and that William Thomssen and his bondsmen were not liable therefor. To this answer the county filed a reply, alleging, in substance, that prior to the time that Thomssen entered upon the discharge of his duties as treasurer the Bank of Commerce had given bond to the county, and had become a county depository for a period of two years, or until January 1, 1896, and that the predecessor of Thomssen had deposited in said bank the sum of $10,000 of county funds; that Thomssen had received from his predecessor checks drawn on said deposit in the sum of $10,000 in lieu of cash, and that he presented said checks at the bank, and had them certified by the officer of the bank, and carelessly and negligently failed to get the cash on said checks, but carelessly and negligently permitted said money to remain in said bank until the 20th day of January, 1896, at which time the bank failed; that thereafter the receiver of said bank paid on said deposit $4,000, and no more, leaving a balance due from Thomssen to the county of $6,000. To this reply separate demurrers were interposed by the defendants in error, which were by the trial court sustained; and the plaintiff in error electing to

stand upon its reply, judgment was entered against it, to reverse which the cause is brought to this court upon error,—this being another branch of the case of *Thomssen v. Hall County,* decided at this term.

It is contended by plaintiff in error that the effect of William Thomssen's taking the checks, representing the $10,000 on deposit, from his predecessor in office, to the bank and having them certified, was to withdraw the money from the county depository and redeposit it in his own name as a general deposit in the bank, and not as a deposit under the bank's depository bond. Many authorities are cited by plaintiff in error to the effect that if an individual receives a check from another individual, presents the check at the bank, and, instead of drawing the money on the check, has it certified, and leaves the money in the bank on deposit, this operates as a release of the drawer of the check, and, if the bank fails, the loss must fall upon the payee of the check, who has procured the certification. With this as an abstract proposition of law, and with the authorities cited in support thereof, we do not disagree. But it has no application to the question presented in this case. If this were a case of general deposit, and the question were whether the bondsmen of Thomssen or the bondsmen of his predecessor were liable for the fund lost, then the authorities cited would be applicable. The question here involved is whether the money turned over to Thomssen by his predecessor was paid out or transferred in such a way as to absolve the bank from its liability on the depository bond.

It is contended by plaintiff in error that the Bank of Commerce was made a depository bank for the sum of $10,000 for a period of two years, and until the 1st day of January, 1896, and that upon that date it ceased to be a county depository, and ceased to be obligated to pay the county interest on the funds in its hands. This contention is wholly without merit. The bond given by the bank to the county is not pleaded in the reply, and this court will not presume that such bond was other or different than

the bond required by the provisions of section 20, article 3, chapter 18, Compiled Statutes, 1901. By the terms of the statute under which the Bank of Commerce became a depository, and by the terms of the bond which it was required to give, after receiving money of the county it would remain a depository of those moneys indefintely, or until the money was duly paid out on the check of the treasurer; and the only way it could cease to be a depository would be by surrendering and paying over to the proper authorities all moneys in its hands which had been received by it as such depository. It is very clear that in this case no such paying over of the funds on deposit has ever been made by the bank. The only thing that appears to have been done, and the result of the giving and certifying of the checks set out in the reply, was to make the deposit stand in the name of the new treasurer, instead of the old, and to so place the funds that the old treasurer could no longer draw them out on his check. The money on deposit was the property of the county, and not that of either the outgoing or incoming treasurer. It is quite probable that the giving of the checks was unnecessary to transfer the fund; that, on the qualification of Thomssen as county treasurer, he became by that act vested with authority over the fund, and with the right to draw it out upon his checks. In the case of *In re State Treasurer's Settlement,* 51 Nebr., 116, 132, this court, in discussing the duties and liabilities of a state treasurer with relation to funds deposited in state depositories, and regarding his duty to turn such funds over, said: "Under the depository law, public funds are required to be deposited by the treasurer on open account, subject to payment on the presentation of the check of the treasurer. The depositing of the moneys of the state in a depository bank by the treasurer in pursuance of law is, in legal effect, a loan of such moneys to the bank, and the relation of debtor and creditor is thereby created, not between the bank and the treasurer, but between the former and the state, since the money thus deposited belonged to the state, and not to the treasurer, its agent and represent-

Hall County v. Thomssen.

ative.  A depository bank being the state's debtor for all funds deposited therein in compliance with law, all sums so remaining on deposit at the close of Mr. Bartley's term were not moneys in his hands in such a sense as he was bound at his peril to produce them in making settlement with his successor.  He was under no more obligation to do that than he was required to pay over to his successor the amounts represented by any unpaid past due county bonds or other securities belonging to the permanent school fund.  No one will contend that in the case of the bonds the outgoing officer is compelled to turn over the money to his successor, where none has been paid or collected.  The law, his bond, and official oath, every one will agree, would be satisfied by the delivery of the bonds.  The county is the debtor of the state to the extent of the amount due on such bonds, and the depository bank is indebted to the state for the amount of its public funds remaining on deposit, and the production and delivery of proper evidences of the true condition or state of the account ought to answer the requirements of the statute."

Under the statute, the conditions of both the county and state depository bonds are required to be the same.  It therefore follows that the language of the opinion quoted is in point.  In the syllabus of that case it is said: "Public funds so deposited and remaining in a state depository at the termination of the office of the state treasurer he is not required to withdraw therefrom and physically deliver the possession thereof to his successor in office."

It seems clear that the reply filed by the county in the case at bar failed to state facts sufficient to entitle it to any relief as against the treasurer, Thomssen, or his bondsmen.  The judgment of the trial court is right, and it is therefore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.