STATE OF INDIANA, EX REL. BOARD OF COMMISSION-
ERS OF THE COUNTY OF PERRY v. HEIM ET AL.

[No. 8,549.   Filed May 7, 1915.]

1. COUNTIES.—*Contractor's Bond.—Construction.*—A bond given by
a contractor for the construction of a bridge, and containing all
the terms and conditions required by §5897 Burns 1914, Acts 1907
p. 580, §5, from bidders on public work, is to be considered in con-
nection with the contract in so far as the matters set out in the
contract are referred to in the bond, but provisions in the con-
tract that the bridge would stand for a certain period, not being
required by or embraced in the statute, can not be read into the
bond by implication. p. 657.

2. COUNTIES.—*Contractor's Bond.—Construction.*—There can be no
liability on the bond given by a contractor pursuant to §5897
Burns 1914, Acts 1907 p. 580, §5, for the construction of a bridge,
because of the failure of the bridge to stand for a certain period
after completion, as provided in the contract, in the absence of
any reference to such provision in the bond, where the bond
appears to be complete upon its face and the work was performed
and accepted by the proper authorities without requiring the
execution of a bond covering the provisions of the contract that
the bridge would stand, and there was no showing that the omis-
sion was due to the material mistake of the parties.   p. 658.

3. COUNTIES.—*Contractor's Bond.—Liability of Surety.*—The surety
on a contractor's bond containing all the requirements of §5897·
Burns 1914, Acts 1907 p. 580, §5, can not be held to have guaran-
teed the performance of conditions of a contract not referred to
in the bond.   p. 658.

From Perry Circuit Court; *William Ridley,* Judge.

Action by the State of Indiana, on the relation of the
Board of Commissioners of the County of Perry, against
Henry Heim and another.   From a judgment for defend-
ants, the relator appeals.   *Affirmed.*

*Philip Zoercher,* for appellant.

*Norman E. Patrick* and *Ewing, Paris & Lincoln,* for ap-
pellees.

IBACH, J.—This was an action by the State of Indiana
on relation of the board of commissioners of Perry County,

against Henry Heim and the Empire State Surety Company on a contractor's bond. The relator appeals the case, and the errors assigned are the sustaining of appellees' demurrers to each of the two paragraphs of appellant's complaint.

Each paragraph of complaint avers that the board of commissioners of Perry County entered into a contract with appellee Heim for the construction of a bridge over Castleberry Creek, and while the work was under construction, a storm caused a washout which enlarged the creek and justified the board in contracting with Heim for additional work; that when the work was near completion, it gave way, and the board refused to pay for it, and thereupon Heim filed suit against the board to recover for work and labor performed, which suit the board resisted by filing answers; that while the action was pending, the board met in special session, and Heim submitted plans, and a proposition to compromise their differences, and a contract was entered into whereby Heim was to complete the bridge according to the plans and specifications submitted for $1,800, and was to execute a bond guaranteeing that the work contracted for would stand and in every way serve the purpose for which it was placed and erected for the period of twelve months from the date of its completion, and was to dismiss his suit against the board; that such a bond was executed in accordance with the terms of said contract; that the bond was accepted and approved by the board, that the work was completed, and Heim was paid $1,900 according to his contract; that he failed to construct the fill and roadway provided for in said contract in a good and workmanlike manner, for, instead of taking clay and earth usual and necessary for that purpose, he carelessly and negligently took silt to construct the fill and roadway, that when the water in the Ohio River came in contact with the silt the silt dissolved and disintegrated, causing the fill and roadway to fall away; that the work did not stand for a period of twelve months from the date of its completion, and did not in every

way serve the purpose for which erected, that the walls have fallen down and the roadway is impassable. Copies of the contract and bond are attached to the complaint as exhibits.

The contract between the board and Heim, after setting out certain specifications as to the work to be done on the bridge by Heim, none of which specifications mention that the fill is to be made with earth and clay, and naming as the consideration $1,900, the amount remaining unpaid on the original contract and additional work, contains the following clause:

> "Said party of the first part further agrees to execute herewith a bond in the sum of Two Thousand dollars, guaranteeing that the work herein contracted for will stand and in every way serve the purpose for which it is placed and erected for the period of 12 months from the date of the completion thereof."

It was also agreed that Heim would dismiss his pending action against the board, and there is a further provision, "the amount herein to be paid on the completion of the work and acceptance thereof by the said party of the second part." The provisions of the bond material here are the following:

> "The conditions of the above obligation are such that whereas, the board of commissioners of Perry County, Indiana, is about to let a contract for stone walls and fill for Castleberry Creek culvert, and whereas, the above named Henry J. Heim has filed a bid for said work with the auditor of the county. Now therefore, if the said board of commissioners shall award him the contract for said work, and the said Henry J. Heim shall promptly enter into a contract with said board of commissioners for said work, and shall well and faithfully do and perform the same in all respects according to the plans and specifications adopted by the board of commissioners and according to the time, terms and conditions specified in said contract to be entered into and shall promptly pay all debts incurred by him in prosecution of said work * * * then this obligation shall be void; otherwise to remain in full force, virtue and effect."

It was also alleged in the first paragraph of complaint that there was a defect in the bond in that it alleges that the contract which it was to secure was about to be let, when in truth and fact the contract had already been let, at the time the bond was executed.

The trial court seems to have been of the opinion that the guaranty that the work would stand twelve months was not required by or embraced in the statute, and as such guaranty was not specifically set out in the bond, it was not included therein, and for that reason it sustained the demurrers to the complaint. It is clear that the contract between Heim and the board contains the usual provisions and conditions that are usually found in contracts of like character, with the additional agreement to execute a bond guaranteeing that the work would stand and serve its purpose for twelve months. Instead, however, of furnishing a bond of such character, it is to be observed that the usual bond with all the terms and conditions required by §5897 Burns 1914, Acts 1907 p. 580, §5, from bidders on public work, was furnished and accepted, so that while it must be conceded that the bond and contract are to be considered together, in so far as the matters set out in the contract are referred to in the bond, it can not be said that the provisions of the contract that the work will stand for a period of twelve months from the day of completion, not found in the bond, can be read into it by implication of law. This court in the consideration of a somewhat similar proposition said, ''If the bond contains less than required by statute, the bondsmen will be held to what it should have contained; and if it contains more than required by statute, the measure of liability would be to the extent defined by statute.'' *State, ex rel.* v. *Fletcher* (1891), 1 Ind. App. 581, 586, 28 N. E. 111.

The complaint charges that, on the completion of the work, it was accepted by appellant and Heim was paid the con-

tract price in full. This shows that the contract had

2. been performed and accepted by the proper authorities of Perry County without requiring the bond mentioned in the contract relative to the maintenance of the work for a period of twelve months after its completion. And so far as this particular bond is concerned, the conduct of the board of commissioners indicates that it also considered the work performed according to details, that the contract had been fully performed, and the conditions of the bond satisfied. The application of this principle is recognized in *Linville* v. *State, ex rel.* (1892), 130 Ind. 210, 29 N. E. 1129. We conclude, therefore, that as the bond in this case appears to be complete on its face, with its conditions fully and completely expressed, no such condition can be added thereto, as is insisted upon by appellant, unless it appears that such condition had been omitted by the material mistake of the parties. Nothing of that kind is charged in the complaint. The surety company here did not

3. guarantee that the work done by appellee Heim would stand for twelve months and in every way serve the purpose for which the work was done, and therefore it can not be liable for the money paid to Heim. There are no provisions in the bond which go that far. The trial court properly sustained the demurrer to each of appellant's paragraphs of complaint.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 776. As to liabilities of sureties upon successive bonds, see 10 Am. St. 843. See, also, under (1) 5 Cyc. 757; (2) 5 Cyc. 765; (3) 32 Cyc. 109.