EQUITABLE SURETY COMPANY OF ST. LOUIS *v.* BOARD
OF FINANCE OF JACKSON TOWNSHIP.

[No. 23,295.    Filed December 6, 1917.]

1. DEPOSITORIES.—*Depository Bond.—Liability.*—The provisions
of the public depository law (§7522 *et seq.* Burns 1914, Acts
1907 p. 391), so far as applicable, must be read into and con-
sidered a part of the bond of a depository as fully as though
such provisions were expressly stated in the instrument. p. 652.

2. DEPOSITORIES.—*Liability on Bonds.—Statutes.*—In• view of
§7538 Burns 1914, Acts 1907 p. 398, providing that depositories
for public funds shall be designated biennially, and §7536 Burns
1914, Acts 1909 p. 437, requiring that banks and trust com-
panies designated as public depositories shall give bond within
five days and before any deposit of· public funds shall be made,
where a bank, after serving as a depository for a period of two
years, was redesignated as such, but did not file a new bond,
the failure to give a new bond operated to divest the bank of its
character as a public depository, but, although the surety on
its bond would not be liable for deposits made after the expira-
tion of the principal's term as a depository, it would be liable
for the subsequent loss of funds deposited during the two years
covered by the bond, and its liability would continue until all
the .public money received by the bank during such time had
been paid out, the condition of the bond being that the surety
would see that its principal would safely keep and account for
all public money received during its continuance as a public
depository. p. 652.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the board of finance of Jackson township,
Hamilton county, against the Equitable Surety Com-
pany of St. Louis, Missouri.    From a judgment for
plaintiff, the defendant appeals.    (Transferred from
the Appellate Court under §1405 Burns 1914, Acts 1901
p. 590.)    *Affirmed.*

*Major A. Downing,* for appellant.
*Fred E. Hines* and *Annias Guy,* for appellee.

SPENCER, C. J.—It appears from an agreed statement of the facts in this case that on January 4, 1913, the Farmers' and Merchants' Bank, a corporation organized under the laws of Indiana and then doing a general banking business in the town of Cicero, in Hamilton county, presented its application to the board of finance of Jackson township, in said county, to be made a depository of the public funds belonging to said township under and pursuant to the depository laws of the State of Indiana. The bank was awarded the sum of $6,825 by the board of finance and thereafter tendered its bond in the sum of $6,000, with appellant as surety thereon, which bond was duly accepted and approved by said board. So far as material the provisions of the bond will be considered later. The board of finance thereafter deposited with the Farmers' and Merchants' Bank various sums of money belonging to the township and on January 4, 1915, when its term as depository expired, there was on deposit in said bank of such funds the sum of $2,027.68. On that day the bank was again regularly designated as a public depository for the ensuing two years and was at once duly notified of such designation, but did not at any time file a new bond to cover the new term.

On January 20, 1915, said Farmers' and Merchants' Bank became insolvent and ceased to do business, and a receiver was then appointed by the Hamilton Circuit Court to take charge of its assets and liabilities. At that time the board of finance had on deposit in said bank township funds in the sum of $1,870.14. Proper demands were made on the receiver and on appellant for the payment of this amount but the same were refused and this suit followed. Its object is to recover from appellant, as surety, the amount of money which was lost to the township through insolvency of

the bank and judgment was rendered accordingly in the court below.

In support of its attack on that judgment, appellant contends, and we agree, that the provisions of the Public Depository Law, so far as applicable, must be

1. read into and considered as a part of the bond which it executed as surety, just as fully as though they were expressly stated in that instrument. *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 264, 102 N. E. 372, L. R. A. 1917 B 984; *State, ex rel.* v. *Heim* (1914), 58 Ind. App. 654, 657, 108 N. E. 776; *Henry County* v. *Salmon* (1906), 201 Mo. 136, 162, 100 S. W. 20.

Reasoning from this premise counsel asserts that as the term of the depository was thus definitely fixed at two years (§7538 Burns 1914, Acts 1907 p. 398),

2. and it was required to give a new bond within five days after notice was received of its redesignation in that capacity (§7536 Burns 1914, Acts 1909 p. 437), the failure of the Farmers' and Merchants' Bank to give such new bond on or before January 9, 1915, operated to divest that institution of its character as a public depository and the act of the township officers in permitting public funds to remain in the bank after that day was, in effect, a selection of the institution as their depository and they are responsible for the loss which resulted. We concede that this reasoning would be sufficient to relieve appellant as against the loss of any new deposits made after the expiration of its principal's term as public depository, but no such deposits were made. The entire loss sustained by the township represents funds which were placed in the bank during the two-year period covered by the bond and that instrument obligates appellant to see that its principal "shall faithfully and safely keep, preserve, account for, pay over and deliver without discount or deduction of

any kind therefrom, whenever the same are, or any part thereof is, lawfully demanded, all the public money and effects, and each and every part thereof, which have been, now are, or which may be hereafter deposited with or received by said principal * * * during its continuance as such public depository." The deposit of public moneys with the bank created the relation of debtor and creditor between it and the township, which relation could be dissolved only by the payment or discharge of the debt and that at no fixed time, but whenever the same should be lawfully demanded. The authorities are clear on the proposition that, as to deposits made during the term of the bond, the liability of appellant, as surety, would continue until all of the money so received by the bank had been paid to the township or its order. *State, ex rel. v. Board of Finance, etc.* (1913), 181 Ind. 365, 372, 104 N. E. 756; *Hall County* v. *Thomssen* (1902), 63 Neb. 787, 790, 89 N. W. 393; *Fidelity & Deposit Co.* v. *Wilkinson County* (1915), 109 Miss. 879, 897, 69 South. 865; *Henry County* v. *Salmon, supra; United States Fidelity, etc., Co.* v. *City of Pensacola* (1914), 68 Fla. 357, 362, 67 South. 87, Ann. Cas. 1916 B 1236.

In the case last cited, which involves facts quite similar to those now in issue, the Supreme Court of Florida says, at page 362 of the opinion: "The mere fact that the period contemplated by the bond for making deposits with the bank as the city depository expired before the bank failed, does not relieve the defendant from the obligation of its bond that the bank 'shall faithfully account for and pay over all moneys' deposited by the city during the period contemplated, if the bank does not in fact pay over or the obligation to do so is not otherwise extinguished. The obligation was not merely to insure or secure the payment of warrants drawn by the city on its deposits during the contem-

plated period, but to *pay over* all moneys received on deposit by the bank from the city during the stated period. The obligation to pay over all moneys deposited during the contemplated period continued though the time had expired during which deposits could be made under the protection of the bond."

Our conclusions require an affirmance of the judgment below and it is so ordered.

NOTE.—Reported in 117 N. E. 860. Duration of the liability of the surety on a bond of a depository, Ann. Cas. 1916 B 1247. Liability of a public officer for loss of funds by failure of bank designated as depository, 36 L. R. A. (N. S.) 289. Contracts of sureties, construction, 6 Am. St. 458. See under (2) 13 Cyc 816.