## THE COUNTY OF DICKEY IN THE STATE OF NORTH DAKOTA, a Municipal Corporation, Respondent, v. CHARLES L. GESME, Christ Bollinger and P. P. Moe, Appellants.

(199 N. W. 873.)

**Depositaries — obligee in county depositary bond held sufficiently identified; evidence insufficient to show notice that bond not operative, unless signed by another surety; burden of showing lack of notice that county depositary bond not operative, unless signed by another surety, held not on county; sureties on county depositary bond estopped to deny lack of formal approval; five sureties not required on depositary bond, and no formal designation necessary.**

In an action upon a depositary bond, where a bond was furnished to a county under the provisions of chapter 56, Laws of 1921, it is *held*, for reasons stated in the opinion,—

(1) That the name of the obligee in such bond is sufficiently identified.

(2) That the trial court did not err in determining that the evidence was insufficient to show any notice to the county concerning any conditional agreement or conditional delivery by the sureties to the effect that the bond should not operate unless signed by another surety.

(3) That, upon the record, the burden of showing lack of notice was not placed upon the county.

(4) That defendants were estopped to deny lack of formal approval of such bond by the board of county commissioners.

(5) That, pursuant to chap. 56, Laws 1921, five sureties are not required upon a depositary bond and no formal designation of a legal depositary is necessary.

Opinion filed July 24, 1924.

Depositaries, 18 C. J. § 52 p. 584 n. 24; § 55 p. 585 n. 45, p. 586 n. 54 New; § 58 p. 586 n. 68 New; § 87 p. 597 n. 8 New, 10.

In District Court, Dickey County, *Wolfe,* J.

Action upon a depositary bond.

Defendants have appealed from a judgment in plaintiff's **favor.** Affirmed.

Note.—Liability of surety signing where bond delivered without all required signatures, see 21 R. C. L. 967; 3 R. C. L. Supp. 1206; 4 R. C. L. Supp. 1440.

*F. J. Graham* and *Jas. M. Austin,* for appellants.

"Parties to the contract. It requires three parties to make a contract of person suretyship, (a) the one for whose account the contract is made, whose debt or default is the subject of the transaction, and who is called the principal; (b) the one to whom the debt or obligation runs, the obligee in suretyship, called the creditor; (c) the one who agrees that the debt or obligation running from the principal to the creditor shall be performed, and who undertakes on his own part to perform it, called the promisor." Stearns, Suretyship, 3d ed. § 5.

It also seems to be the general rule that a bond will be a nullity unless the obligee is named there. There must be a certainty as to the person to whom the obligation runs. Even proof of a delivery to a particular person, is not sufficient to supply the deficiency. Stearns, Suretyship § 121; Garrett v. Shove, 15 R. I. 538, 9 Atl. 901; Sacra v. Hudson, 59 Tex. 207; Preston v. Hull, 23 Gratt. 600; Pelham v. Grigg, 4 Ark. 141; People v. Pacific Surety Co. 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577.

The general rule is, that a bond must contain at least two parties—the obligor and the obligee—and a bond which does not contain the name of an obligee is void. Ann. Cas. 1912C, 578.

To constitute a valid administrator's bond, some person or officer must be named therein as obligee.

A writing purporting to be an administrator's bond, signed by principal and sureties, approved and filed by the probate court, in which no person or officer is named as obligee, is neither a statutory nor a common-law bond; it is simply a promise in writing made to no one, and is void. Tidball v. Young, 78 N. W. 507.

It seems, however, that if the surety signs by reason of the fraud of the principal as to the nature of the instrument of guaranty, he will be bound to the creditor only where his want of ordinary care and prudence made the deception possible. Spencer, Suretyship & Guaranty, § 55, p. 76; Page v. Krekey, 137 N. Y. 307, 21 L.R.A. 409, 33 Am. St. Rep. 731, 33 N. E. 311, and Walker v. Elbert, 9 Am. Rep. 548 and note thereto, 29 Wis. 194.

A depositary's bond is not binding until approved by the proper authority, but the approval of the majority of the officials named in the statute is sufficient where all have acted or been notified of the con-

templated action. Notice of the acceptance of the security is not necessary where the undertaking recites a consideration, although that consideration is merely nominal. But no acceptance of a bond to take the place of a former one can be inferred where the proper officer, while diligently inquiring into the responsibility of the proposed sureties, learns, after the lapse of a few days, of the insolvency of the depositary. 18 C. J. p. 586, § 58 d, Approval and Acceptance.

*T. L. Brouillard,* and *Lawrence, Murphy & Niles,* for respondent.

Sureties in a revenue bond cannot defeat a recovery on the ground that they did not intend to be bound unless another shared the responsibility; where they did not inform the revenue officer of this condition, their omission to do so estop them from setting it up. Dair v. United States, 31 L. ed. 491.

But the courts are now well-nigh unanimous that, if a surety clothes his principal with apparent authority to deliver a bond bearing no indication on its face that others are to sign it, and it is delivered to the obligee, and acted upon by him without notice of any condition, the surety is bound. Belden v. Hurlbut, 94 Wis. 562, 37 L.R.A. 855.

"That one who signs a bond, as surety, upon the assurance of his principal that he shall also have other responsible cosureties, which are never procured, and the bond nevertheless delivered is deceived and defrauded of his indemnity, no one can question. But whether he shall himself bear the loss, or visit it upon the obligee, is quite a different question. And it seems to us, upon principle, that where there is nothing upon the face of the paper indicating that other cosureties were expected to become parties to the instrument, and no fact brought to the knowledge of the obligee before he accepts 'the instrument calculated to put him on his guard in regard to that point, and which would naturally have led a prudent man, interested in the opposite direction, to have made inquiry before accepting the security, the fault cannot be said to rest to any extent upon the obligee." King County v. Ferry (Wash.) 19 L.R.A. 500–505.

A bond of an officer, which is presented to a county board, and approved by it, binds all parties who signed as sureties, notwithstanding that they may have signed the instrument conditionally, if the bond is perfect on its face, and the board possessed no notice of the con-

ditional signing, and there was nothing to raise the duty of inquiry as to the manner of the execution of the bond.

The knowledge of one member of a county board, at the time of its approval by them, and of the conditional signing of a county treasurer's bond by the sureties, not shown to have been imparted to the board, is not knowledge of nor notice to the board of such fact. Stoner v. Keith County (Neb.) 67 N. W. 312.

If a creditor accepts a contract upon which there is one surety, he cannot be deprived of his security because the surety signed upon the condition, expressed to the principal alone, that the obligation should not be delivered until another had signed as cosurety. The estoppel against the promissory is clear; he should not be heard to assert a defense which works an injury to another, and which is based upon his own neglect in failing to communicate the condition to the creditor. Stearns, Suretyship 2d ed. pp. 159, 160.

And the burden of proof of notice to the obligee, as well as of a conditional delivery of the bond, rests with the surety alleging it. Gibbs v. Johnson, 63 Mich. 671; Choteau v. Suydam, 21 N. Y. 179.

And the plaintiff makes his case by proving the execution of the bond and introducing it in evidence. Gibbs v. Johnson, 63 Mich. 671.

And the burden rests with the party who has signed and delivered an instrument to establish that the delivery was intended to be in escrow, and that it was conditional upon other persons also executing it. Choteau v. Suydam, 21 N. Y. 179; Benton Co. Sav. Bank v. Boddiker, 45 L.R.A. 329.

The sureties can make no defense that could not be made by their principal, as is said in Patterson's Appeal, 48 Pa. 345. "The measure of his responsibility is the measure of theirs." And in McCabe v. Rainey, 32 Ind. 309, it is said: "Any act of the principal which estops him from setting up a defense personal to himself, operates equally against his surety." See also Seaver v. Young, 16 Vt. 658, and Charles v. Haskins, 14 Iowa, 471; Boone Co. v. Jones, 2 N. W. 995.

When an action is brought against sureties on a bond or undertaking given in an action or upon appeal, the validity and force of the instrument depend upon its efficacy in performing the office of accomplishing the end or result contemplated by the parties at the time it was given. To same effect Carter v. Hodge, 5 Misc. 575; Hathaway

v. Davis, 33 Cal. 161; Gardner v. Donnelly, 86 Cal. 367; Hanna **v.** Savage, 8 Wash. 432; Healy v. Newton, 96 Mich. 228; Moffat **v.** Greenwalt, 90 Cal. 368; Buchanan v. Mulligan, 125 Ind. 332; Hester v. Keith, 1 Ala. 316. Judge Elliott, in his work on Appellate Procedure, says: "Weight is attached,—justly as we believe,—by the better considered cases, to the fact that the bond has yielded the principal obligor beneficial consideration." Braithwaite v. Jordan, 5 N. D. 196, 31 L.R.A. 255.

Failure to approve a bond does not constitute a defense to the surety. Boone Co. v. Jones, 54 Iowa, 699, 2 N. W. 987; Trustees v. Sheik, 119 Ill. 579, 8 N. E. 189; Mowbray v. State, 88 Ind. 324; Young v. State, 7 Gill & J. (Md.) 253; People v. Huson, 78 Cal. 154, 20 Pac. 369; Paxton v. State, 59 Neb. 460, 81 N. W. 383; Ramsey v. People, 197 Ill. 572, 64 N. E. 549; Deer Lodge County v. United States F. & G. Co. 42 Mont. 315, 112 Pac. 1060; Stearns, Suretyship, 3d ed. p. 248.

It is also claimed that there was no evidence of the filing of the bond, and hence no proof of its delivery to and acceptance by the board. But, as we have seen, the pleadings admitted its delivery, and there was, at least, an informal approval of it. Under these circumstances we think it must be held that the bond was accepted by the board, and became obligatory on its makers, even without an indorsement of filing. People v. Huson, 20 Pac. 371.

An official bond which is delivered to and informally approved by the board required to approve it, is accepted, and becomes obligatory without an indorsement of filing. Ibid.

A bond given under the statute by a bank as security for county funds deposited with it, which obligates it to "pay any and all deposits of the country which may be so deposited with it," is security for the current amounts due the country from the date of its taking effect, whether arising from deposits made after or before its acceptance. Brown v. Wyandotte County, 50 Pac. 888.

## Statement.

BRONSON, Ch. J. This is an action to recover upon a depositary bond. Defendants have appealed from a judgment entered upon a

verdict in plaintiff's favor. The material facts are:—Defendants were stockholders in the Farmers and Merchants State Bank of Monango, North Dakota. On or about June 21st, 1921, such bank, as principal, and defendants, as sureties, signed a bond in the sum of $10,000 to secure the deposits of funds by plaintiff county in the bank. This bond was given pursuant to its terms, in accordance with the provisions of chapter 56 of the Laws of 1921, enacted on March 8th, 1921 as an emergency act relating to legal depositaries. This bond was approved as to form by the state's attorney on June 27th, 1921, and, as to sufficiency, by the chairman of the board of county commissioners on June 30th, 1921. It was filed in the office of the county auditor on June 30th, 1921. On this last date, plaintiff had upon deposit in such bank about $7,000 which theretofore had not been secured by any depositary bond. Thereafter, until March 20th, 1923, various deposits, aggregating about $43,000, and various withdrawals, aggregating about $39,000 were made from time to time. On March 23rd, 1923, the county funds of plaintiff upon deposit were in amount $10,490.12. On March 29th, 1923, the bank was placed in the hands of the state examiner and state banking board and, in September 29th, 1923, a receiver for such bank was appointed. On April 10th, 1923, plaintiff served written notice upon each of the defendants of a default in, and of a breach of, the bond in which each of them were named as a surety. This action was instituted in November, 1923. Two of the defendants, in their answer, alleged in general effect, that the bond was given upon the condition and with the understanding and agreement of plaintiff that it should be effective only in the event that one Thorn, who was president of the bank, should sign as surety. Defendant Moe alleged, in his separate answer, to the general effect that his signature was procured through false representations by the cashier of the bank that the bond signed was a report of some kind and that no liability would arise from the signing, of all of which plaintiff had notice. In the record there is some evidence as follows:—A former county treasurer had placed on deposit in the bank concerned $8,000 without securing any bond. In May, 1921, when Brennan became county treasurer most of this amount was still upon deposit. Then there were four banks in the county that had not furnished bonds. Brennan consulted the state's attorney; he had some informal talk

with the county commissioners; he sent a blank bond to the bank and telephoned to the bank several times to ascertain why the bond was not furnished; finally, the cashier called and explained some difficulties about securing the bond and requested Brennan to go with him; the cashier went to defendant Gesme and secured his signature as surety upon the representation that signatures of defendant Bollinger and Thorn would be secured or the bond would not be used. Brennan and the cashier went to see defendant Bollinger; pursuant to Bollinger's testimony, Brennan stated and promised that if Thorn did not sign the bond it would not be used; also, the cashier promised likewise; Brennan denied making any such statement or promise. Thorn testified that Brennan requested him to sign as guarantor but he refused so to do although he did sign the bond as president of the bank. Moe testified that the cashier presented the bond to him and explained that it was some sort of a report (Brennan was not present). The bond, thus signed, was then, after attestation by a notary public, the assistant cashier of the bank, with the sureties not present, either taken by Brennan or sent to him by mail. Brennan then presented such bond to the state's attorney who approved it as to form. He then presented it to the chairman of the board of county commissioners who approved it as to sufficiency. The county commissioners never took any formal action upon this board. The bond was presented to the board at their regular meeting in July or August, 1921, by the county auditor. The board never made any formal order designating the bank as a legal depositary.

When defendants rested, plaintiff moved to strike out all testimony of defendants with reference to any agreement, or representations made to them when their respective signatures were procured, for the reason that no notice thereof had been brought home to the board of county commissioners. The trial court practically granted this motion by striking out all evidence relating to any conditional delivery or understanding of defendant Moe. The trial court instructed the jury that the sole issues in the case were whether the bond was executed by the sureties; whether it was delivered to the bank and to plaintiff; whether a breach of the conditions thereof occurred and whether the amount of county funds in the bank, when it failed, equalled or exceeded the penalty of the bond.

## Opinion.

Defendants have made many specifications of error. They will be briefly considered. It is contended that the bond is ineffective because it contains the name of no obligee therein. The caption of the bond recites, "Bond of Depositary Bank to Dickey county;" otherwise, where the name of the obligee should be inserted, it reads,—"are held and firmly bound unto . . . of the county of Dickey, state of North Dakota;" otherwise, the bond in its terms refers to an obligee and to the acting of the bank as a depositary for funds of said obligee pursuant to the law. Obviously, the name of the obligee is identified by the bond; manifestly, the clerical mistake of not striking out the preposition "of" in the clause quoted did not destroy means of identification furnished by the bond.

It is asserted that the evidence was sufficient for the consideration of the jury concerning a conditional agreement and conditional delivery of the bond, and notice thereof to plaintiff. We are satisfied that the trial court did not err in this regard. No notice of any kind was brought home to the county commissioners; the county treasurer possessed neither legal nor authorized duty or power to secure or pass upon the bond to be furnished even if some of the testimony, fragmentary as it is, should be conceded in its full effect.

It is claimed that the burden was upon plaintiff to show lack of knowledge in these respects. This claim is without merit.

It is further contended that the bond was ineffective because not formally approved by the county commissioners and was not signed by five sureties as required by a former law, namely, §§ 3315–3329, Comp. Laws, 1913. This contention is again without merit. The action of the county and its officials certainly show an implied approval which defendants should be and are estopped to deny. Chapter 56, Laws 1921, became effective as a law on March 8th, 1921. It provides that all state banks are declared to be legal depositaries of public funds of counties and it requires various treasurers to deposit funds in such banks. Further, it provides,—"Before any deposit shall be made in any depository by or in behalf of any of the corporations enumerated in § 1 of this act, such depository shall furnish a bond payable to the public corporation making such deposit, in an

amount that shall at least equal the largest deposit that may at any time be in such depository; said bond shall be in conformity to a form prescribed by the attorney general and the amount and sufficiency by the board or governing body of such corporation."

It is evident that this law requires neither a formal designation by the county commissioners of a legal depositary nor any particular number of sureties upon the bond furnished.

Further contentions made to the effect that defendants should not be held liable for deposit existing when the bond became effective and for interest upon the demand are without merit. The judgment is affirmed.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.