[File No. 5931.]

SCHOOL DISTRICT NO. 18 OF WHEATLAND, NORTH DAKOTA, a Public Corporation, Respondent, v. CARL STOMBERG, Administrator with the Will Annexed of the Estate of Marten Larsen, Deceased, Appellant.

(236 N. W. 728.)

Opinion filed May 26, 1931.

*Burdick & Redetzke,* for appellant.

*Pierce, Tenneson, Cupler & Stambaugh,* for respondent.

BURR, J. On October 31, 1924, an instrument was executed as follows:

"Bond of Depositary Bank
To
School Board Dist. #18 Wheatland, North Dakota.

Know all men by these presents: That we, the State Bank of Wheatland, County of Cass, State of North Dakota, as Principal, and Caistee Tree, Ernest Mares and Marten Larsen, as Sureties, are held and firmly bound unto State Bank of Wheatland, obligee of the County of Cass, State of North Dakota, in the sum of Five Thousand Dollars ($5,000-.00) lawful money of the United States, for the payment of which sum we do hereby bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

Sealed with our seals and dated the 31st day of October, 1924.

The conditions of this obligation are such that, whereas, the said

State Bank of Wheatland has been designated as a depositary in which may be deposited funds of said obligee, pursuant to the provisions of law.

Now therefore, if the said State Bank of Wheatland shall well and truly account for and pay over to the said obligee, or to its order, on demand, all funds so deposited with it with interest, and agreeably to the terms of such deposits and shall well and truly perform all duties, obligations and conditions imposed by law on its part to be kept and performed, then, and in that event, this obligation to be void; otherwise to be and remain in full force and effect.

In Witness Whereof the said State Bank of Wheatland has caused these presents to be signed by its President and Cashier and its corporate seal affixed hereto, and said sureties (has caused these presents to be signed by its proper officers, and its corporate seal to be affixed hereto) have hereunto subscribed their names the day and year first above written.

| | |
|---|---|
| C. Tree | State Bank of Wheatland |
| Surety. | Principal. |
| Ernest Mares | R. A. Mares |
| Surety. | Pres. |
| Marten Larsen | R. M. Mares |
| | Cashier" |

with the requisite acknowledgments and justification. This bond was approved as to amount by the school board on November 11, 1924, and as to form by the state's attorney on November 13, 1924, and thereafter the school district began making deposits in the bank. The bank closed its doors November 19, 1928. It had on deposit at that time, subject to check on the part of the plaintiff, $3,116.28 of the funds belonging to the school district—the last deposit being made October 15, 1928. Demand for payment was made on the bank and on Marten Larsen and refused.

Marten Larsen died February 26, 1929, and on April 4, 1929, Carl Stomberg was appointed administrator. Notice to creditors of the decedent was given and among the claims presented was the claim of the plaintiff school district for this $3,116.28 on deposit. The county court allowed the claim over the protest of the administrator and the

latter appealed to the district court, demanding a jury trial. At the close of claimant's case the administrator moved for a directed verdict which motion was denied. At the close of the entire case the school district moved for a directed verdict. The court made findings of fact, conclusions of law and order for judgment in favor of the claimant. The administrator moved for judgment non obstante or in the alternative for a new trial, which motion was denied. Judgment was entered for claimant and the administrator appeals.

Appellant presents three general propositions as his ground for appeal: first, the school district is not named as obligee in the bond and therefore has no right to sue; second, the bank was never designated a depositary as provided by law; and third, that the bond expired before any loss was sustained, and therefore there is no liability on the part of any of the sureties.

It is true the "State Bank of Wheatland" is named as obligee, but palpably this is a mistake. The bond is stated to be that of a "depository bank to School Board Dist. #18 Wheatland, North Dakota." Decedent must have known this when he signed the instrument. The bond recites that this "State Bank of Wheatland has been designated as a depositary in which may be deposited funds of said obligee." No man could imagine that the bank was bonding itself as a depositary for its own funds. In addition, the testimony shows the decedent was asked to sign the bond so that the bank could become a depositary for the school district. This testimony was given by the cashier of the bank. There was objection that he was incompetent to testify because of a transaction held with the decedent and the provisions of § 7871, subdiv. 2, were invoked. The objection was not well taken. Neither the cashier nor the bank is a party to this action, so the cashier was not an incompetent witness. He testified that he explained to the decedent "the conditions relating to it (the bond) and asked him if he would be willing to go on this bond securing School District No. 18 of which our bank was a depositary and under those conditions he said he would agree to sign the bond, and did sign it." The bond was drawn by the cashier, and through ignorance as to the meaning of the word "obligee" he inserted the name of the bank in the space left for the name of the obligee; but all the sureties before they signed were

asked to sign as sureties for the bank as the depositary of the funds of this school district. When the bank closed Marten Larsen was still living. There is nothing to indicate that when demand was made upon him for payment he declined on the ground he was not a surety on any bond to the school district. While the case of Dickey County v. Gesme, 51 N. D. 272, 199 N. W. 873, is not quite identical with the case at bar, nevertheless the similarity is sufficient to justify the application of the same rules. In the case cited the bond was headed "Bond of Depositary Bank to Dickey County;" but no name was inserted in the blank space left for the name of the obligee. The latter feature differentiates it, and while there is a distinction between a bond omitting the name of the obligee and a bond where the wrong person is named as obligee the latter fact does not prevent showing a mistake was made. In the case cited we held that from the bond itself the obligee was sufficiently identified. The bond was given pursuant to the provisions of the statute dealing with bonds of depositaries. Obviously there was a mistake there, as it is clear there is a mistake in this case; but a perusal of the bond in issue leaves no doubt as to the real obligee.

The second point cannot be urged successfully. The record shows that prior to the giving of this bond the bank was a depositary for the school district and this bond was given in lieu of an earlier bond from which a surety had withdrawn. The bank was designated as depositary by resolution of the school board, though notice had not been sent to other banks in the county as required by § 714a8 and § 714a9 of Supp. In addition, whether designated properly or not, the purpose for which the bond was given was to assist the bank to get deposits from the school district, and the decedent signed for that purpose. The bank got the money and was to all intents and purposes a regular depositary.

The cases of Meeker County v. Butler, 25 Minn. 363; Re State Treasurer's Settlement (Bartley v. Meserve) 51 Neb. 116, 36 L.R.A. 746, 70 N. W. 532; Leach v. Stockport Sav. Bank, 207 Iowa, 478, 223 N. W. 171, cited by appellant are of no avail to him. In the Minnesota case the court holds expressly that sureties are liable even if all preliminary steps requisite for a statutory designation are not shown. In the Nebraska case the controversy was between an outgoing

and an incoming treasurer; but the court does refer to the liability of sureties in cases where the treasurer violated the law by depositing more money in the bank than he was authorized to do. The court says this would not "affect the liability of such bank and sureties on its bond to repay to the state the sum deposited therein, in strict conformity to the requirements of the depositary law." In the Iowa case the bank had not been designated as a depositary and no bond had been given. The issue was whether funds deposited by intervener constituted a preferred claim. The question of liability of sureties was not involved.

Because requirements of statute are not complied with literally does not necessarily relieve the sureties. The school district accepted the bond, deposits were made upon the strength of the bond, the principal received the full benefit of all for which the bond was given and there is at least a common-law obligation on the part of the sureties to repay according to the terms.

Where parties voluntarily enter into a contract in order that they, and others for whom they are sureties, may have the benefit and advantages which come from the contractual relations, and thereafter reap these very same advantages, they cannot be heard to deny the validity of the undertaking into which they entered. See State ex rel. Brontrager v. Mundy, 53 N. D. 249, 255, 205 N. W. 684. See also Gardner v. Donnelly, 86 Cal. 367, 24 Pac. 1072; Granger v. Parker, 142 Mass. 186, 7 N. E. 785; Pray v. Wasdell, 146 Mass. 324, 16 N. E. 266; Healy v. Newton, 96 Mich. 228, 55 N. W. 666. The sureties after their object in giving the bond was attained cannot assert that the purpose did not exist. The sureties cannot be permitted to obtain public money in such fashion and repudiate liability. Meeker County v. Butler and Dickey County v. Gesme, supra.

The third point is equally futile. The statute quoted shows that where the instrument itself does not contain a time limitation the bond expires at the end of four years. There is no time limit in this bond, consequently the bond ceased to be effective as the bond of a depositary after the expiration of four years. Appellant says there was no default in the bond during that period. The statutory limit is a limit on deposits; not a limit on the liability of the bank. No deposits could be made in the bank on the strength of this bond after the expiration of

four years. See § 714a7 of the Supp. The pertinent provision in the bond is that the State Bank of Wheatland will pay over "on demand all funds so deposited with it with interest, etc." The sureties agreed that the bank would pay over the money held on the strength of this bond. As funds could be deposited up to the end of the four years it is clear it does not mean that the demand for the return of the funds must be made within the life of the bond. See Dallas County v. Perry Nat. Bank, 205 Iowa, 672, 216 N. W. 119. In the case of United States Fidelity & G. Co. v. Pensacola, 68 Fla. 357, 67 So. 87, Ann. Cas. 1916B, 1236, the court had under consideration a bond wherein the sureties agreed the principal would "faithfully account for and pay over all moneys which may be deposited with it as aforesaid . . . ," the bond being for a definite period beginning November 1, 1912, and ending November 1, 1913. The bank suspended payment December 5, 1913. As said by the court "it is argued that under the terms of the bond the defendant company is not liable except for defaults occurring during the year from November 1, 1912, to November 1, 1913." The court held the "obligation of the defendant is that the bank 'shall faithfully account for and pay over all moneys which·may be deposited with it' by the city from the date of the bond to November 1, 1913; this obligation continues after November 1, 1913, until all the moneys deposited to November 1, 1913, by the city with the bank, have been 'faithfully accounted for and paid over,' or until the obligation is extinguished by the parties or by operation of law."

This is the situation here. The bond must be considered the same as if it said that the bond was to cover the period from October 31, 1924, to October 31, 1928. This is the time limit fixed by statute, and must be read into the bond. With this statutory insertion we have a case identical with the case considered by the Florida court. "In a bond of this form the sureties are liable only for funds deposited with the bank during the term for which the bond was given, but they continue liable for such funds until they are paid, although payment may not be demanded until after such term has expired." See Redwood County v. Citizens' Bank, 67 Minn. 236, 69 N. W. 912; Hall County v. Thomssen, 63 Neb. 787, 89 N. W. 393. We find a similar holding

16

in the case of Dallas County v. Perry Nat. Bank, supra. Here the court holds that the liability of the sureties continues "as to deposits made during authorized period, until depositary repaid funds to the county." The same holding is found in Equitable Surety Co. v. Board of Finance, 186 Ind. 650, 117 N. E. 860, in a suit on a bond which said: the principal "shall faithfully . . . account for, pay over and deliver whenever . . . lawfully demanded all the public money . . . received . . . during its continuance as such public depositary;" the bond being for two years. The court says "the authorities are clear on the proposition that as to deposits made during the term of the bond, the liability of appellant, as surety, would continue until all of the moneys so received by the bank had been paid to the township or its order;" and cites with approval United States Fidelity & G. Co. v. Pensacola, and Hall County v. Thomssen, supra; Fidelity & D. Co. v. Wilkinson County, 109 Miss. 879, 69 So. 865; Henry County v. Salmon, 201 Mo. 136, 138, 100 S. W. 20. The bond in issue says the principal "will pay over . . . on demand all funds so deposited, etc." The only limitation here is the lapse of time to bring action for the funds deposited—not a limitation of liability.

Where the liability under the bond expires with the life of the bond it is because of some provision in the bond itself to that effect. For instance, in the case of Pacific County v. Illinois Surety Co. (D. C.) 234 Fed. 97, the bond says: "The said principal hereinbefore named shall from noon of the 1st day of July, 1914, to noon of the 1st day of July, 1915—promptly pay . . . upon demand, etc." The bank "promptly paid upon demand" within these dates, and so the surety was not liable. There is no such limitation in the bond in issue here. A similar limitation is found in Fidelity & D. Co. v. Cleburne (C. C. A. 5th) 296 Fed. 643. Here, the bond provided that the principal "during the term of the bond" would faithfully account and pay the money on demand. The case of United States Fidelity & G. Co. v. American Bonding Co. 31 Okla. 669, 122 Pac. 142 is similar. The guaranty company had become surety for the Capital National Bank of Guthrie under a bond to the state treasurer and in this bond the bank agreed that in accordance with a contract it made with the territorial treasurer, which contract ran for one year, it would account

for all moneys and pay all drafts and checks issued by the treasurer in accordance with his contract and safely keep and have forthcoming all the money belonging to the treasurer that was collected by the bank. The bonding company then issued a similar bond. The guaranty company issued another instrument guaranteeing the fidelity of the national bank. The bank closed. Oklahoma brought suit against the bonding company, and recovered judgment. The bonding company then sued the guaranty company on the "binder" and the guaranty company set up the contention that the bond given by the bank to the territorial treasurer expired March 6, and as there was no dishonor of any checks issued by the territorial treasurer during the life of his contract with the bank, it as guarantor of the fidelity of the bank was not liable for default that took place after the expiration of the year. The court held that the true intent of the bond was to limit the risk to the period of the one year and that any default on the part of the bank, for which the guaranty company would be liable must be a default which took place during the life of the bond.

These cases are clearly distinguishable from the one at bar. Here the surety does not say the Bank of Wheatland will pay all demands made upon it within the period of four years, but does say, in effect, that the bank will repay all deposits made during that period of four years. The surety therefore is liable for the deposits received during the life of the bond, and not accounted for, and as it is admitted that all deposits claimed were made during the life of the bond, the judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL, and BURKE, JJ., concur.