[File No. 6407.]

E. B. LARSON, Martin C. Christianson, Mrs. Albert Ellingrud, Bloomfield Township, a Public Corporation, Respondents, v. OLE ENGEBRETSON, et al., and
CARL ARNEGARD, Ben Berkas, and Theodore Halvorson, Appellants.

(267 N. W. 660.)

Opinion filed June 13, 1936.

*Acker & Shafer,* for appellants.

*Burdick & Burdick,* for respondents.

BURKE, Ch. J.   Plaintiffs bring this action as taxpayers of Bloom-field township, Traill county, North Dakota against the defendants as officers of said Bloomfield township for negligence in the handling of public funds in the Peoples State Bank of Hillsboro, which bank in April 1921 was designated as a public depository.   A depository bond, with personal sureties, in the sum of $1,500, dated April 29, 1921, was furnished by the depository bank.   On September 14, 1926, a sec-ond depository·bond in the sum of $6,000 with personal sureties, who were the directors of the depository bank, was furnished by said bank. This later bond was in the custody of the clerk of the board of Bloom-field Township.   Neither bond was ever renewed, and from April 1921 until April 11, 1932 the Peoples State Bank of Hillsboro con-tinued as the sole depository for the funds of that township, which were entirely general funds.   On April 11, 1932, the Peoples State Bank became insolvent and passed into the hands of a receiver.

There was a trial of said action to the court without a jury, and findings of fact and conclusions of law favorable to the plaintiffs were made by the trial judge, except as against Ole Engebretson, treasurer, and Andrew Wilson, clerk of said township, and as to them the said

action was dismissed. The attorneys for the plaintiffs and defendants stipulated that the amount involved was $1,089.15. Judgment was accordingly entered for that amount together with interest, from which judgment the defendants duly appeal and request a trial de novo.

It is the contention of appellants that the bond dated September 14, 1926 is a complete continuing bond binding upon the sureties. The bond is intended as a statutory bond. It states specifically that "The conditions of this obligation are such that, whereas, the said Peoples State Bank of Hillsboro has been designated as a depository in which may be deposited funds of said obligee, pursuant to the provisions of an Act of the Legislative Assembly of the State of North Dakota, entitled 'An Act Designating the Depositories of Public Funds and fixing the rate of Interest, etc., approved March 8, 1923.' "

This provision in the bond clearly shows it is intended as a statutory bond. It continues as follows:

"Now, therefore, if the said Peoples State Bank of Hillsboro shall well and truly account for and pay over to the said obligee, or to its order, on demand, all funds so deposited with it as such depository, with interest, if any as may be agreed upon, and agreeably to the terms of such deposits as being payable on demand or at any particular time, and shall furnish to said obligee on the first day of each month after the date of this bond an itemized statement of the amount of such deposits subject to check, verified when required and shall well and truly perform all other obligations and conditions now or hereafter imposed by law on its part to be kept and performed, then and in that event, this obligation to be void; otherwise to be and remain in full force and effect.

"Provided, further, that the liability of said sureties shall commence on the date of the execution of this Bond, and shall continue until this Bond shall be abrogated and cancelled by the written consent of the said obligee, provided, however, that said sureties may limit their liability hereunder to such liability as shall arise out of deposits made by said obligee on or before any certain date, to be fixed by said sureties, by giving written notice to the obligee of said sureties' election so to do at least thirty days prior to such date."

It is the contention of appellants that this last provision makes the bond a continuing liability upon the part of the sureties, subject to the

condition in the bond permitting the sureties to limit their liability arising out of deposits by a written notice to the obligee of said sureties' election so to do at least thirty days prior to such date; that the obligors on the bond never exercised or enforced the condition by giving the required notice; that the sureties on said bond are liable thereon for any loss arising from deposits of public money in said depository by said township, and that their liability is a complete defense to this action.

It is well settled that only those provisions in the bond of a depository of public funds not found in the statute which have the effect of limiting or restricting the liability imposed by statute are surplusage; that statutory requirements must be read into the bond and provisions which do not conflict with or limit the statutory liability are valid. School Dist. v. Stomberg, 61 N. D. 6, 236 N. W. 728; Emmons County v. Kleppe, 61 N. D. 536, 238 N. W. 651; Lawrence v. American Surety Co. 263 Mich. 586, 249 N. W. 3, 88 A.L.R. 535; Western Casualty & G. Ins. Co. v. Muskogee County, 60 Okla. 140, 159 P. 655, L.R.A. 1917B, 977; St. Louis County v. Security Bank, 75 Minn. 174, 77 N. W. 815; Yeargain v. Delaware County, 90 Okla. 38, 215 P. 619.

There is nothing in the bond in the instant case which conflicts with the statutory provisions. The provision permitting the sureties to limit their liability by giving thirty days' notice, under the great weight of authority, is a valid provision. Lawrence v. American Surety Co. 263 Mich. 586, 249 N. W. 3, 88 A.L.R. 535 and note. But in the instant case it is entirely immaterial as the privilege was never exercised or enforced by the sureties. The bank, the sureties, and the township officials treated the bond as a continuing obligation without the designation of any time for its expiration, and continued the bank as a public depository.

It is the contention of the appellants that since all of the parties treated the bond as a continuing obligation, after the expiration of four years from the time of its execution, that the sureties are liable on the bond; that the primary purpose of public depository law is security of public funds and their protection and is not for the benefit of the sureties. State v. United States Fidelity & G. Co. 210 Wis. 178, 246 N. W. 434, 90 A.L.R. 670; National Surety Co. v. Leflore County (C. C. A. 5th) 262 F. 325, 18 A.L.R. 269; Linz v. Eastland

County (Tex. Com. App.) 39 S. W. (2d) 599, 77 A.L.R. 1466; State v. Citizens Nat. Bank, 100 Ind. App. 501, 193 N. E. 389.

In the case of State v. United States Fidelity & G. Co. supra, the Wisconsin court said: "A statute providing that every bank designated as a state depository shall renew its bond to the state treasurer every four years unless otherwise ordered by the state board of deposits is for the protection of the state in contemplation of possible impairment of the financial responsibility of the sureties, and does not operate to terminate at the end of four years bonds which contain no time limit." The Wisconsin statute does provide that the state depository shall renew its bond to the state treasurer every four years unless otherwise ordered by the state board of deposits. The state board of deposits in Wisconsin, under the statute, has authority to continue the bond without renewal and the law does not say what the effect would be in case the bond was not renewed and the state board of deposits did not otherwise order.

Our statute relating to depository bonds, § 714A7, provides: "This bond shall be a continuing bond and shall continue binding until the proper board of public corporation shall require a new or a different bond, *but in no case involving the deposit of funds of public corporations shall such bond be continued without a renewal thereof for a longer period than four years."* (The italics are ours.)

This is very strong, mandatory language, such as we have not found in any other statute relating to depository bonds. It is binding on the sureties until the board of supervisors (in this case) "shall require a new or different bond, *but in no case involving the deposit of funds of public corporations shall such bond be continued without a renewal thereof for a longer period than four years."* This is a direct prohibition against the continuance of the bond for a longer period than four years.

In the case of School Dist. v. Stomberg, 61 N. D. 6, 236 N. W. 728, supra, this court in construing § 714A7, 1925 Supplement to the Compiled Laws 1913, said: "Under the statutes of this state a bond given by a depository cannot continue longer than four years." Continuing on page 15 of the decision the court said: "The bond must be considered the same as if it said that the bond was to cover the period

from October 31, 1924, to October 31, 1928. This is the time limit fixed by statute, and must be read into the bond."

In the case of Emmons County v. Kleppe, supra (61 N. D. 541, 238 N. W. 65) this court said: "The bonds were approved and accepted May 13, 1924, and as neither contained any time limit of liability it expires by statutory limitation four years from this date. See § 714A7 of the Supp. Hence there was no liability on these bonds for deposits made after May 13, 1928."

It is well settled in this jurisdiction that a statutory depository bond with no time limit expires by statutory limitation four years from its date. It was the duty of the township supervisors to require a new or different bond, as provided in § 714A7, 1925 Supplement to the 1913 Compiled Laws of North Dakota, and they are liable for any loss of deposits occasioned by reason of their negligence in not requiring a new or different bond. State v. Ruth, 9 S. D. 84, 68 N. W. 189; Wilson v. New York, 1 Denio, 595, 599, 43 Am. Dec. 719.

The judgment is affirmed.

BURR, MORRIS, CHRISTIANSON and NUESSLE, JJ., concur.