GEORGE W. BROWN *et al.* v. THE BOARD OF COUNTY COMMISSIONERS OF WYANDOTTE COUNTY.

**No. 10835.**

DEPOSITORY OF COUNTY FUNDS — *sureties on bond of, liable for current balances, regardless of whether deposits made before bond given.* A bond, given under the statute, by a bank, as security for county funds deposited with it, which obligates it to "pay any and all deposits of the county which may be so deposited with it," is security for the current amounts due the county from the date of its taking effect, whether arising from deposits made after or before its acceptance.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed November 6, 1897. *Affirmed.*

*McGrew, Watson & Watson* and *John A. Hale,* for plaintiffs in error.

*J. McCabe Moore,* for defendant in error.

DOSTER, C. J. On and prior to April 24, 1896, the Argentine Bank, of Argentine, was a depository of the funds of Wyandotte County; made such under the provisions of paragraph 1716, General Statutes of 1889. On that day, in pursuance of previous arrangements, it was by order of the Board of Commissioners continued as a depository for another year;

and thereupon it executed a bond, as required by law, for the security of the funds deposited. The plaintiffs in error are its sureties. The bond was approved by the Commissioners on May 22, following. It was conditioned as follows :

"The conditions of this obligation are such that if the said Argentine Bank shall promptly pay any and all deposits of the county which may be so deposited with it, as such county depository, upon the check or draft of the county treasurer, countersigned by the county clerk of said county, and shall well and truly make report of the amount of money to the credit of the county treasurer at the close of business each day during the previous month, and shall also report and pay the amount of interest accrued during such month, at the rate of one and a half per cent. per annum on all daily balances, then in that event this obligation shall be void, otherwise it shall remain in full force and effect."

On the date of the approval of the bond, there was to the credit of the county, as shown by the books of the Bank, $37,095 of the funds previously deposited. The Bank's monthly statement, required by law and the conditions of the bond to be made June 1, showed $37,100 on the books of the Bank to the credit of the county on May 31. The monthly statement of July, for the preceding month of June, showed $37,194. No statement appears to have been made in August for the month of July, but the books of the Bank showed a credit to the county, July 31, of $25,300. August 18, the Bank suspended business, having on that day to the credit of the county, as shown by its books, $31,583. Between this date and the approval of the bond, May 22 preceding, the county treasurer deposited in the bank five thousand dollars and checked out between ten and eleven thousand. Suit was brought against the sureties to recover a balance remaining of $29,795. Judgment went for the county, and the de-

fendants prosecute error to this court. They say their bond is prospective in its terms, and that they are responsible only for such moneys as were deposited subsequently to its approval; and that, in any event, they are not responsible for moneys deposited prior to the date of its approval and not then actually on hand. For the purpose of bringing their defense within the compass of the last-mentioned proposition, they offered to prove that, prior to the approval of the bond, "all of the money theretofore deposited with said Bank by said county had been lost, or placed beyond the control of said Bank, and was not, at the time of accepting and approving said bond, in the possession of the Bank." This offer was rejected, and rightly, so. If the bond is prospective in its terms, it is a matter of indifference whether the amounts of previous deposits were on hand at the date of its approval. If it is not prospective in its terms, but obligates the sureties to the payment of such moneys as were due the county at the date of its approval, the offered evidence was irrelevant. It therefore becomes a question of interpretation of the bond. That instrument is retrospective as well as prospective in its terms.

Counsel for plaintiffs in error liken the Bank to a fiscal officer having the custody of public funds; and they cite a large number of cases holding that the bonds of revenue collectors, county treasurers, and the like were prospective, and the sureties thereon obligated only for the acts of their principals during the terms for which they were chosen. There is no similarity between a bank acting as a depository of public funds and the class of officers mentioned. In the case of the public and its officer the relationship is that of principal and agent; in the case of the others, it is that of creditor and debtor. In this case, the county was a general depositor of funds, and by the

act of deposit the reciprocal obligations of creditor
and debtor arose.   The deposit not being special, the
funds were not supposed to be kept on hand for the
depositor, and were not so kept, but as deposited they
became the property of the Bank, which became lia-
ble to pay the amount on demand.   The obligation of
the sureties in this case was, therefore, to pay the
debt of the Bank, not to make good the defalcation of
an agent, and unless there be something in the terms
of the bond which limits their obligation to the pay-
ment of such debts as might thereafter be created
by such deposits as might thereafter be made, and
prevents it from applying to such debt as might
thereafter currently exist, the bond must be held ret-
rospective, in the sense of being security for such debt
as existed at the date of its approval.

Plaintiffs in error claim to find such limitation in
the words "shall pay any and all deposits of the
county which *may be deposited* with it."   By stress of
emphasis upon the auxiliary verbs "may" and "be,"
counsel endeavor to read them wholly into the future
tense, and thereby give the bond a prospective signifi-
cation.   Grammatically, the clause, "which may be
deposited," may have as much the signification of
past or present as of future time.   The law will prin-
cipally look at the purpose for which the instrument
was required and given, to determine the tense of the
verb.   That purpose was security for the current obli-
gations of the Bank to the county; that is, for the re-
payment of such deposits of money as may have been
made before demand of payment therefor.   The legal
authorities in analogous cases support this view.   A
mortgage was conditioned for the repayment of such
sums of money as the mortgagee "may advance."
It was held to be security for past advances as well.
*Ex parte Smith*, 2 Mont. D. & De Gex, 587.   A devise

was made, " to the children which I may have by Ann Lewis." It was held to be for the benefit of children of the class named living at the date of the will. *Wilkinson v. Adam*, 1 Ves. & B. 422. A lessor covenanted with his tenant " to pay for all the buildings and improvements that may be made on said lands." The tenant had previously occupied the land and made improvements on it. The court held : " The words 'may be made on said lands' may be understood as synonymous with 'may have been made,' or 'shall then be or remain on said lands.'" *Van Rensselaer v. Penniman*, 6 Wend. 570–582.

Some minor claims of error are made but none of them are tenable.

The judgment of the court below will therefore be affirmed.