C. W. MYERS *et al.* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KIOWA.

No. 10855.

1. BOND — *County Depository* — "*County Funds*" *and* "*Public Money*" *Convertible Terms.* A bond given by a bank which had been designated by the board of county commissioners as a county depository, under section 1 of chapter 189, Laws of 1889, referred to said act in its preamble, but departed from the statutory language in that the sureties were bound that the bank should promptly pay to the county, upon the check of the treasurer, all "county funds" deposited with it, instead of "public money," as named in the statute. *Held*, that the sureties were liable to the county for all money deposited by the treasurer which the bank failed to pay over upon demand, and the fact that a portion of the money so withheld by the bank had been collected by the treasurer for the state, townships and municipalities other than the county is no defense to an action on the bond. And *held further*, that the conditions of the obligation covered deposits in the bank existing at the time of its execution and approval. (*Brown v. Wyandotte County*, 58 Kan. 672, 50 Pac. 888.)

2. EVIDENCE—*Pass-books.* Entries in the pass-books of a bank made by the officers and persons in charge of its business, showing the receipt of deposits, are competent evidence.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed February 11, 1899. Affirmed.

*Thomas B. Wall*, and *L. M. Day*, for plaintiffs in error.
*J. W. Davis*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : On the 5th day of October, 1896, a judg-
ment was rendered in the district court of Reno county
against the plaintiffs in error, as sureties of the Bank
of Greensburg, in favor of the board of county com-
missioners of the county of Kiowa, for the sum of $53,-
924.21. The action was founded upon a bond executed
by said parties to the county in the sum of $100,000,
the conditions of which were as follows :

" Whereas, the said Bank of Greensburg, Kansas,
has been designated by the board of county commis-
sioners of said county of Kiowa, state of Kansas, as a
depository of the funds of the said county of Kiowa,
Kansas, in accordance with an act of the legislature
of the state of Kansas relating to the public money,
and amendatory of section 1 of chapter 131 of the Ses-
sion Laws of 1887, approved March 2, 1889, the
condition of this obligation is such that if the said
Bank of Greensburg, Kansas, shall at all times here-
after, so long as the said bank shall remain the de-
pository of the said county funds, promptly pay on
check or draft of the treasurer of the said county of
Kiowa any and all of said county funds deposited with
it, and shall on the first Monday of each month file
with the county clerk a statement of the amount of
money on hand during the previous month and the
amount of interest accrued thereon until date, and
shall faithfully and honestly and diligently perform
and discharge any and all duties imposed by law upon
it as such depository of the said county funds, and
shall, when required, pay or deliver the money so de-
posited with it by said county of Kiowa, state of Kan
sas, to the said county of Kiowa, state of Kansas, then
this obligation shall be void, or otherwise the same
shall remain in full force and effect." .

The defendants below objected at the trial to the introduction of any evidence under the petition upon the ground that the bond sued on was not a valid obligation, in that its conditions were not in accordance with the statute authorizing the taking of the same by the board of county commissioners. The statute reads :

"That in all counties having a population of less than 25,000 inhabitants the county treasurer shall deposit daily all public money in some responsible bank or banks located at the county-seat, to be designated by the board of county commissioners, in the name of said treasurer as such officer, which bank shall pay such interest on average daily balances as may be agreed upon by the board of county commissioners ; and such bank or banks shall credit the same monthly to the account of said treasurer ; and before making such deposits the said board shall take from such bank or banks a good and sufficient bond in a sum double the largest approximate amount that may be on deposit at any one time, conditioned that such deposits shall be promptly paid on the check or draft of the treasurer of said county ; and such bank or banks shall on the first Monday of each month file with the county clerk a statement of the amount of money on hand at the close of business each day during the previous month, and the amount of interest accrued thereon to said date." ( Laws of 1889, ch. 189 ; Gen. Stat. 1889, ¶ 1725.)

This law provides that the county treasurer shall deposit daily in the designated bank all public money, and that the bond shall be conditioned that such deposits shall be promptly paid on the check or draft of said treasurer. The contention of the sureties is that, the bond being conditioned for the prompt payment by the bank of county funds only, there is such a departure from the statute that the obligation is void ; that the words "county funds" in the bond mean

such moneys as properly belong to the county, in contradistinction to the funds of the state, township, school districts, etc. ; and that a surety, being favored in law, cannot be held beyond the exact terms of his contract.

We do not think the position taken by the plaintiffs in error is well founded. The words "public money" used in said section of the statute and the expression "county funds" employed in the bond seem to us to be convertible terms. The funds of a county are the moneys and securities in the possession of the county treasurer. In the statute relating to the quarterly examination of the funds in the hands of the county treasurer, the words "funds of the county" are used to mean all of the moneys in the treasury. (Gen. Stat. 1889, ¶ ¶ 1708, 1709; Gen. Stat. 1897, ch. 27, §§ 113, 114.) This court, in the case of *Brown v. Wyandotte County*, 58 Kan. 672, 50 Pac. 888, said : "The Argentine Bank, of Argentine, was a depository of the funds of Wyandotte county, made such under the provisions of paragraph 1716, General Statutes of 1889."

The money deposited by the treasurer in the Bank of Greensburg was all credited on the books of the bank to him as such officer. He was the instrument for the collection of public funds. There can be no private ownership of money in the county treasury until it is actually disbursed. Condemnation money and redemption money have been held to be public funds within the meaning of the statute governing deposits, although the county is not the owner of such money. ( *Spratley v. Comm'rs of Leavenworth Co.*, 56 Kan. 272, 43 Pac. 232.)

The county treasurer of Kiowa county kept separate accounts with the various townships, school districts, and other municipalities, and these accounts are re-

ferred to as so many different funds; and the amounts
due to these different municipalities were apportioned
on the county treasurer's books in January, March,
June, and November, but this constituted a mere com-
putation.   The money in the treasurer's hands was
not actually divided.   These funds .in the treasurer's
hands, the proceeds of other than county taxes, must,
in our judgment, be regarded as belonging to the
county until they are actually paid over to the state,
municipality or person for whom they were collected.
The county is responsible for their safe-keeping, and
if it is not the absolute owner it holds as trustee for
the benefit of the real owners.   In the case of *Thacher
& Stephens v. Comm'rs of Jefferson Co.*, 13 Kan. 188,
the court says :

"In many cases the county is by law constituted
the general agent or guardian for the protection of the
rights and interests of townships and of other sub-
divisions of the county, and may prosecute or de-
fend therefor.   Thus, the county, through the board
of county commissioners, may maintain an action
against the county treasurer for a misappropriation
or misapplication of the funds of a township or school
district, etc., although the county, as a corporation,
can have but little interest in the funds of such town-
ship or school district.   (*Comm'rs of Jackson Co. v.
Craft et al.*, 6 Kan. 145.)"

Again, it will be noticed that the bond executed by
the plaintiffs in error contains a recital that the prin-
cipal, the Bank of Greensburg, had been designated
by the board of county commissioners of Kiowa
county as a depository of funds in accordance with an
act of the legislature relating to public money, and
amendatory of chapter 131 of the Laws of 1887, the
statute set out above.   While this recital precedes the
conditions of the obligation, yet it tends to aid in de-

13—60 KAN.

termining the scope of the whole writing. This act referred to in the bond, and set out above, required the county treasurer to deposit daily in the designated bank all public money. The employment of the words "county funds" in the bond, and the recital of the law which authorized the deposit, point to the fact that the sureties considered the words "county funds" and "public money" synonymous terms.

It appears from the evidence, and the court found, that on the 9th day of January, 1893, the same day the bond was accepted and approved by the board of county commissioners, the treasurer of Kiowa county had on deposit in said bank a large sum of money, amounting to $59,463.57. The statute above cited, which authorized the designation of the depository and the taking of bonds, provides that "before making such deposits the said board shall take from such bank or banks a good and sufficient bond." It is insisted that under this provision the bond covers deposits made only after its acceptance and approval. This identical question was fully considered by this court in the late case of *Brown v. Wyandotte County*, 58 Kan. 672, 50 Pac. 888, and determined against the position taken by the plaintiffs in error. In that case the obligation was "to pay any and all deposits of the county which may be deposited with it." In the case at bar it is "that it shall promptly pay any and all of said county funds deposited with it." If there is any material difference in the meaning of the language of the two obligations, the retrospective feature is stronger in the latter than in the former case.

It is further assigned as error that the trial court admitted in evidence certain pass-books of the bank, showing the receipt of deposits made from time to time by the treasurer. The evidence of the deputy county

treasurer, which preceded the introduction of these pass-books, showed that the entries in these books were made by the officers of the bank and by persons in charge of the bank's business at the times when the money was deposited. .It was further shown by her testimony that all the money deposited by the treasurer was deposited in the Bank of Greensburg. We can see no error in the ruling which admitted these pass-books in evidence.

The findings of ·the trial court show that the bank became insolvent on December 22, 1893, and was closed by the state bank examiner ; that the amount for which judgment was rendered against the sureties on the bond was the amount of public funds then on deposit in the bank less an amount paid to the county by the bank's receiver as a dividend. Other errors are assigned and argued in the brief of plaintiffs in error, but they are mere amplifications of the points discussed in this opinion. The judgment will be affirmed.