OVERLY SPECIAL SCHOOL DISTRICT, Respondent, vs. HABER, Appellant.

*May 5—June 20, 1927.*

*Depositories: Action on deposit bonds: Presumption as to delivery: Notice of default: When required: Sureties having interest in transaction.*

1. In an action by a school district against the defendant as surety on the bond of a depository bank which had become insolvent, evidence that the bond was prepared by the plaintiff, and after being fully executed was in its possession, is *held* to raise the presumption, which was not overcome by contrary proof, that there had been delivery, acceptance, and approval of the bond. p. 406.

2. Where the liability of the defendant was joint and several, failure to give notice of the default to other sureties did not release him from liability, since such notice is not required to enforce a several liability. p. 406.

3. Moneys on deposit in the depository of a school district at the time its statutory bond was given are protected by such bond. p. 408.

4. Where one of the sureties on the bond was a stockholder and director of the depository, he was not entitled to the protection the law affords to gratuitous private sureties, since he occupied a position similar to that of a surety company receiving pay for the protection offered and furnished. p. 408.

APPEAL from a judgment of the circuit court for Fond du Lac county: JOHN J. GREGORY, Judge. *Affirmed.*

The plaintiff is a school district in North Dakota. In 1921 the legislature of North Dakota enacted a law providing for the designation of legal depositories for the funds of all public corporations and defining the procedure and regulations under which said funds should be deposited. The Farmers & Merchants Bank is a state institution, located at Overly, and the defendant was one of its directors and acted as its president.

The court found that prior to July, 1922, one Thompson, the treasurer of the plaintiff, had deposited in said bank the sum of about $4,000, and that Thompson was succeeded in his office by one Hinck, who withdrew from the funds so on deposit an amount sufficient to reduce the balance still remaining to the sum of $2,275; that in the month of August, 1922, the bank made an application to the plaintiff to become the depository of the plaintiff's funds, agreeing to pay interest on time deposits at the rate of six per cent. per annum, and at the rate of two per cent. on daily average balances, subject to checking account. In the communication thus sent to the plaintiff the bank also agreed to furnish a satisfactory bond covering all funds deposited.

A bond in accordance with the statutes was thereupon prepared by the district attorney, was signed by seven residents of North Dakota, and also by a resident of Montana, as sureties, and the same was then forwarded to the defendant at Fond du Lac, and was executed by him on the 1st day of June, 1923. The bond was then delivered to the bank, the principal, and on the 17th day of July, 1923, was turned over to the plaintiff, and its board of education proceeded to

and did elect and appoint said bank as depository of the school funds belonging to the plaintiff.

The court further found that on or about the 25th day of September, 1923, the bank became insolvent, and was taken over by the banking authorities of the state for the purpose of liquidation. At the time of the insolvency of the bank, and for some time prior thereto, the plaintiff had deposited in said bank the aforesaid sum of $2,275, evidenced by two certificates of deposit, one dated October 17, 1922, for the sum of $2,000, and payable to the order of the plaintiff twelve months after date, and the other for the sum of $275, dated June 3, 1923, payable twelve months after date, both certificates bearing interest at the rate of six per cent. per annum. The court also found that the plaintiff, in accordance with the statute above referred to and the provisions of the bond, gave notice of default to the defendant and to all of the sureties, within ninety days after the failure of the bank, and after knowledge on the part of the plaintiff or any of its officers; and also demanded payment of the amount still on deposit, as evidenced by said certificates of deposit.

The defendant having failed to comply with plaintiff's demand, this action was begun to recover the amount due to the plaintiff from the defendant, and pursuant to findings of fact, the substance of which is heretofore referred to, the court ordered judgment in plaintiff's favor for the sum of $2,611.10, together with interest thereon from the date of the commencement of the action. Judgment having been duly entered accordingly, the defendant has prosecuted this appeal.

Further facts will be stated in the opinion.

The cause was submitted for the appellant on the briefs of *Sutherland, Hughes & Sutherland* of Fond du Lac, and for the respondent on the brief of *T. L. Doyle* of Fond du Lac.

DOERFLER, J. In the first error assigned it is claimed by defendant's counsel that there is no evidence of the delivery

of the bond; and that such delivery is one of the conditions precedent in order to fasten liability upon the sureties. Here it must be noted that it appears from the undisputed evidence that the bank made application to the plaintiff to become a legal depository of plaintiff's funds; that the bond was prepared by the district attorney, and signed by the bank and by all of the sureties, for the express purpose of qualifying the bank to become a depository; and that the bank was designated a legal depository by the school district. Furthermore, the bond was in the possession of the plaintiff, and from this fact and the other facts above referred to the presumption of delivery arises and continues until overcome by other credible evidence in the case. No evidence having been presented upon the subject of delivery other than that herein referred to, the presumption continued until the end of the trial, and fully warranted and supported the court's findings.

It is next contended by defendant's counsel that there is no evidence of the approval and acceptance of the bond by the plaintiff. Here again we call attention to the fact that the bond was duly executed; the court found that it was delivered; and the evidence also shows that the plaintiff designated the bank as its legal depository. In the absence of any evidence to the contrary, the acceptance and approval of the bond follows as a necessary and logical inference. 9 Corp. Jur. 120.

In the third assignment of error it is claimed that notice as required by the statutes and by the bond was not given to any surety outside of the defendant. The court found that due notice was given to all of the sureties. No exception was made or filed with respect to this finding, and the same is therefore conclusive upon the defendant. But if we assume that the only notice of default was given to the defendant, and that he was the only person upon whom demand was made, the failure to give notice to the other sureties does

not affect his liability, as an individual, upon the instrument, for by its terms the bond was joint and several. It may be admitted that a joint liability against all of the sureties could not be enforced without giving them notice and without making demand upon them. 32 Cyc. 176. Such joint liability under the law affords to a surety from whom collection is made the right of contribution. But the instrument created also a several liability. This left the option to the plaintiff to proceed against the defendant or against all of the sureties upon the bond.

The defendant further contends that no moneys were deposited in the bank by the school district, either upon the day when the bond went into effect or thereafter; that the amount of $2,275 of principal on deposit in the bank at the time of its failure had been so on deposit for a long time prior to the execution and delivery of the bond; in fact, at a time prior to the enactment of the law in question. The provision of the bond applicable to this assignment of error reads as follows:

"Now, therefore, if the said Farmers & Merchants Bank shall well and truly account for and pay to the said obligee, or to its order, on demand, all funds so deposited with it as such depository, with interest if any, as may be agreed upon, and agreeably to the terms of such deposits as being payable on demand or at any particular time, and shall well and truly perform all other obligations and conditions now or hereafter imposed by law on its part to be kept and performed, then, and in that event, this obligation to be void; otherwise to be and remain in full force and effect."

Had the plaintiff, when the bond went into effect, withdrawn the balance then on deposit in the bank and had instantly re-deposited the amount, no question could be raised upon the subject of liability. Such action on the part of the school district or its treasurer would have amounted to a mere idle ceremony. The error assigned is extremely technical. When the legislature of North Dakota saw fit to enact

the law in question, it had in view the protection of the public funds, and the spirit of the law fully embraces such protection in its fullest and broadest sense. Up to the time that the bond went into effect, the plaintiff clearly permitted this money to remain on deposit, contrary to law. This situation changed when the bond was furnished, delivered, and accepted. This deposit became from that time on, a legal deposit, and it relieved the treasurer from any liability arising out of a default on the part of the bank. To hold that the surety is relieved on a mere technicality such as is advanced by this assignment of error would amount to a sacrifice of substance and spirit to mere form. This view is supported by the decision in the case of *Brown v. Wyandotte County,* 58 Kan. 672, 50 Pac. 888. See, also, *Myers v. Kiowa County,* 60 Kan. 189, 56 Pac. 11; *Fidelity & D. Co. v. Wilkinson County,* 109 Miss. 879, 69 South. 865. The bond having been given to accomplish a public purpose, viz. the protection of public funds, it must be construed with that object in view. In Wisconsin the same principle was announced in the case of *Baumann v. West Allis,* 187 Wis. 506, 204 N. W. 907, and in *Webb v. Freng,* 181 Wis. 39, 194 N. W. 155.

Furthermore, the evidence discloses that the defendant was a stockholder and director of the bank, and its president. The other sureties on the bond were also interested therein, in one capacity or another. Under these circumstances the sureties did not stand upon the same basis as do gratuitous sureties, and are not entitled to the ordinary protection that the law affords to gratuitous private sureties, for they occupy a position very similar to that occupied by surety companies receiving pay for the protection offered and furnished in a surety bond.

*By the Court.*—The judgment of the circuit court is affirmed.