No. 26,565.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BARBER, *Appellant*, v. THE LAKE STATE BANK et al., *Appellees.*

(260 Pac. 630.)

SYLLABUS BY THE COURT.

PRINCIPAL AND SURETIES—*Discharge of Sureties—Redeposit of Money Secured.* Under the facts set out in this and the former opinions in this action, the arrangement made by the board of county commissioners of Barber county with the Lake State Bank on April 4, 1921, amounted to a redeposit of the money then owing by the bank to the county and effected a discharge of the sureties on the bond that had theretofore been given by the bank to secure the payment of deposits during the two-year period from February 4, 1919, to February 4, 1921.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed November 5, 1927. Affirmed. (For former opinions see 121 Kan. 223, 246 Pac. 524, 122 Kan. 222, 256 Pac. 475, and 123 Kan. 10.)

*William A. Smith,* attorney-general, *John G. Egan,* assistant attorney-general, *John W. Davis,* of Greensburg, *Samuel Griffin* and *W. E. York,* both of Medicine Lodge, for the appellant.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley, Earle W. Evans, George C. Spradling,* all of Wichita, *A. L. Orr* and *Adrian S. Houch,* both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: An opinion in this case was filed June 12, 1926 (*Barber County Comm'rs v. Lake State Bank,* 121 Kan. 223, 246 Pac. 524). Another opinion, one on rehearing, was filed January 28, 1927 (122 Kan. 222, 256 Pac. 475). Another opinion, one on another rehearing, was filed March 12, 1927 (123 Kan. 10). In that opinion a rehearing of the entire case and of all matters involved in it was directed. New briefs have been filed, and the cause has been re-argued. No question has been raised concerning the accuracy of the statements of facts contained in the former opinions. The facts are not restated except so far as is necessary to show the conclusion now reached by the court.

The Lake State Bank had been made a county depository for Barber county. To secure the payment of deposits, the bond sued on was given by the Lake State Bank to the county. In *Barber*

Depositaries, 18 C. J. p. 590 n. 51 new, 54.

*County Comm'rs v. Lake State Bank,* 121 Kan. 223, 246 Pac. 524, the court held that the bond was one for two years and expired on February 4, 1921. On that day, at the close of business, there was on deposit in the bank to the credit of the county treasurer, $146,375.50. On April 4, 1921, a new arrangement was made between the board of county commissioners and the Lake State Bank by which deposits were continued to be made in the Lake State Bank after that time. The bank continued to do business until November 18, 1921, when it was closed. After April 5, 1921, the county treasurer continued to deposit money with the Lake State Bank and continued to draw checks on that bank. On April 5, 1921, the county had on deposit in the Lake State Bank the sum of $135,-312.29.

It is urged that "the leaving of the funds in the Lake State Bank after the new contract was entered into amounted to a redeposit of the county funds under the new contract, thus terminating all liability."

In *Pittsburg, Appellant, v. Rhodes et al.,* 230 Pa. St. 397, the following language is found:

"Where a bank is selected as a city depository for a term of years, and executes a bond to secure the safe custody of all moneys deposited with it, and at the expiration of the term it executes a new bond with different sureties for a new term, and on the same day enters the exact balance to the city's credit in the individual transfer ledger as a deposit by the city, and the city thereafter adds to and checks against this balance in amounts largely exceeding such balance, the sureties on the first bond are discharged of liability for a default occurring during the second term." (Syl.)

The supreme court of Mississippi in *Fidelity & Deposit Co. v. Wilkinson,* 109 Miss. 879, 890, said:

"Permitting the bank to retain the money deposited with it when the new arrangement for the year of 1913 was made, instead of requiring it to then pay the money into the county treasury, was the equivalent in all respects of the county then depositing it with the bank. When a new arrangement is made with the county depository, ordinarily it would be a vain and useless thing to require it to pay the money then due by it to the county into the county treasury, and for the treasurer to then immediately pay it over again to the bank. When appellants executed the bonds here in question, they did so with the full knowledge that a large part of the banking business is a mere matter of bookkeeping. One of the purposes for the execution by the bank of the bonds of 1913 was that it might not then be called upon to pay to the county the money due it."

What was said in *Tire & Rubber Co. v. Bank,* 109 Kan. 772, 773. 204 Pac. 992, is pertinent. There the court said:

"The court is of the opinion that the rule applies that where a payment to a bank is made by a check drawn thereon the result is the same as though the depositor had presented his check, received the money over the counter, and then used it in making the payment."

It does not appear that the bank failed to pay any check drawn on it before April 5, 1921, nor at any other time before the bank closed. On February 4, 1921, the bondsmen were liable for what was on deposit in the bank at that time. No new arrangement was made until April 4, 1921, when a new contract was entered into between the county commissioners and the Lake State Bank. The money then on deposit in the bank was allowed to remain therein. Allowing that money to remain in the bank amounted to a payment of it to the county and a redeposit of it under the new arrangement, for which new arrangement the sureties were not liable. It not appearing that the bank had failed to pay any check drawn on it, the new arrangement between the county and the bank amounted to a satisfaction of the bond and a discharge of the sureties thereon. For that reason, the plaintiff cannot recover from the sureties.

So much of the former opinions as deals with the period of time covered by the bond is adhered to. So much of those opinions as discuss the default in the bond given by the Lake State Bank is disapproved. The other matters discussed in those opinions are now immaterial.

The judgment of the district court is affirmed.

MARSHALL, J. (dissenting): The former opinions express my views in this action, and it is not necessary for me to say anything further.

HARVEY, J., dissenting.

HOPKINS, J., not participating in the decision.