STATE EX REL. FRANKS ET AL., APPELLANTS, *v.* CORVALLIS STATE BANK ET AL., RESPONDENTS.

(No. 6,397.)

(Submitted February 15, 1929. Decided March 8, 1929.)

[275 Pac. 265.]

298

Mr. E. M. Tucker and Mr. J. D. Taylor, for Appellants, submitted a brief; Mr. H. C. Packer, of counsel, argued the cause orally.

Mr. Harry H. Parsons, and Mr. Thomas N. Marlowe, for Respondents, submitted a brief; Mr. Marlowe argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

The Corvallis State Bank had been duly designated as a depositary for county funds in the hands of the county treas-

urer of Ravalli county. On April 10, 1924, it executed and delivered to the county treasurer its bond in the sum of $20,000 to secure the county against loss by reason of moneys deposited with it. The bond was signed by the bank, as principal, and W. S. Bailey, L. J. Nordheim, A. N. Whitesett, John A. Hull, and M. G. Kern, as sureties, hereinafter called defendants. The bond as delivered was not formally approved by the board of county commissioners until May 5. On April 30 the bank failed. At that time it had on deposit to the credit of the county the sum of $18,962.40. This action was brought to enforce the obligation of the bond. Issue was joined by answer and reply, and trial was had before the court sitting without a jury. Findings of fact and conclusions of law were made and filed, upon which judgment was entered for defendants, dismissing the action. The appeal is from the judgment.

For many years prior to April 1, 1924, the bank had been acting as depositary of public funds. On that date, when its bond expired, there was on deposit to the credit of the county the sum of approximately $17,800. (The difference of $1,162.40 between this amount and the one last above mentioned represents moneys deposited and interest credited on daily balances subsequent to April 10.) It desired to continue as such depositary, but was advised by the treasurer that, unless a new bond was furnished, the money then on deposit would be withdrawn. This was not done, and no further action was taken to comply with the treasurer's demand until on or about April 9. Plaintiffs' evidence shows that on that day the bank's cashier presented to the board of county commissioners the bond in suit, but without the signature of defendant Kern. The bond was examined and, with the exception of the signature of Kern, found sufficient. The bank agreed to obtain his signature with the understanding that, when that was done, the bond would be approved. No minute entry was made of the action. Kern signed and acknowledged the bond on April 10, and it was delivered to and

accepted by the treasurer. On May 5, five days after the bank closed, the board formally approved the bond, and proper minute entry of its action was made.

The defendants testified that the bond was signed and acknowledged by all the sureties, except Kern, late at night on April 9, and by him on April 10. The court found "that no approval of said instrument as a bond or otherwise in the manner prescribed by law is shown to have been made or had at any time prior to the 5th day of May, 1924." Plaintiffs predicate error upon this finding, and insist that the court should have found that the bond was approved on April 9. This is an action at law, and the evidence on this question is in sharp conflict. The rule is settled in this jurisdiction that the judgment of the trial court will not be reversed for insufficient evidence if there is any substantial evidence to support it. (*State ex rel. Urton* v. *American Bank & Trust Co.*, 75 Mont. 369, 243 Pac. 1093; *Torgerson* v. *Stocke*, 72 Mont. 7, 230 Pac. 1096.) There is ample evidence to support the finding.

The next question for determination is: Are the defendants estopped to deny liability upon the bond?

Section 4767, Revised Codes of 1921, as amended by Chapter 89, Laws of 1923, required every county treasurer to deposit public funds in his possession or under his control, in banks in the county designated by the board of county commissioners, they to be secured by such bonds as the board might prescribe, "and no deposit of funds shall be made, or permitted to remain in any bank, until the security for such deposits shall have been first approved by the board of county commissioners in the case of county funds, * * * and delivered to the treasurer."

It is generally held that a depositary bond is not binding until approved by the proper authority. (*State ex rel. Urton* v. *American Bank & Trust Co.*, supra; 18 C. J. 586.) However, a different rule applies to transactions in which it would be unconscionable to permit sureties to maintain a position

inconsistent with one in which they have acquiesced or of which they have accepted any benefit. (10 R. C. L. 694; 21 C. J. 1202.) "Where it [a bond] is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense." (*United States* v. *Hodson,* 10 Wall. (U. S.) 395, 19 L. Ed. 937; *Daniels* v. *Tearney,* 102 U. S. 415, 26 L. Ed. 187; *Jones* v. *Findley,* 84 Ga. 52, 10 S. E. 541; *Emanuel* v. *McNeil,* 87 N. J. L. 499, 94 Atl. 616; *City of Pocatello* v. *Fargo,* 41 Idaho, 432, 242 Pac. 297.) Sureties cannot question the validity of the designation of the depositary. (*National Surety Co.* v. *Leflore County* (C. C. A.), 262 Fed. 325; *Talley* v. *State,* 121 Ark. 4, 180 S. W. 330.) Where a bank, selected by a city as a depositary of public funds, furnished an individual bond instead of a surety company bond as required by law, the sureties were estopped to question the validity of the bond. (*Perkins* v. *State ex rel. Roberson,* 130 Miss. 512, 94 South. 460.) In the case of *Dickey County* v. *Gesme,* 51 N. D. 272, 199 N. W. 873, it was held that the sureties on a depositary bond should be and are estopped to deny liability because the bond was not formally approved by the board of county commissioners as required by law.

To render the rule of equitable estoppel operative, it is essential that the sureties acted with knowledge of their rights; that they were aware of the facts, and that the county was misled by their acts; that the county changed its position in reliance thereon and was justified in so doing, and that it was prejudiced or the sureties were benefited. (21 C. J. 1204.)

The question, then, arises: Do the facts in the case before ▮ us come within the rules announced by the authorities cited?

The defendants were stockholders and directors of the bank, thus financially interested in the transaction; they were

sureties on the bond which expired on April 1; they knew that, in order to receive county deposits, it was necessary to execute and deliver a new bond; they desired that the bank be continued as such depositary; their acts were voluntary and in the interest, not only of the bank, but their own as well. The bond was filed with, and accepted by, the treasurer, who treated and relied upon it as a valid obligation. But for the bond, the treasurer would have withdrawn the money from the bank; the bank and defendants benefited by reason thereof, and have failed to account for the funds so deposited.

The evidence conclusively shows that the bank was designated as a depositary, received funds of the county under color of such designation. It was enabled to do these things by virtue of the bond which the defendants, as sureties, had executed with it. But for the filing of the bond, it would not have been permitted to receive and retain county funds. In view of these facts, we think defendants cannot now assert, as against the county, the invalidity of the bond, or that it was not properly approved by the county commissioners. They will not be permitted to escape a just liability by reason of the laxity or carelessness of the board of county commissioners in the proper discharge of its plain statutory duty.

There is not any merit in defendants' contention that the ▮ bond does not cover moneys on deposit on the date the bond was delivered to the treasurer, but only moneys subsequently deposited. "Ordinarily a bond covers the money already on deposit at the time it becomes effective, and there is generally in legal effect a redeposit of such money, although the wording of the bond may be such as to preclude this construction, as where it expressly refers to funds which 'shall be deposited.' " (18 C. J. 587.)

The bond in question is conditioned: "If the said principal shall * * * faithfully account for and pay on legal demand all moneys deposited with it, * * * this obligation shall be null and void. * * * " We think the clause, "deposited with it," may have as much the signification of

past or present as of future time. The law will look at the purpose for which the instrument was required and given, to determine the tense of the verb. (*Brown* v. *Board of Commrs. of Wyandotte County*, 58 Kan. 672, 50 Pac. 888; *Myers* v. *Board of Commrs. of Kiowa County*, 60 Kan. 189, 56 Pac. 11.) It would be a vain and useless thing to require the bank to pay the money then on deposit to the county and for the treasurer to then immediately redeposit it in the bank. (*Board of Commrs. of Barber County* v. *Lake State Bank*, 124 Kan. 372, 260 Pac. 630.)

Nor is there any merit in the claim that a demand was not made by the county before filing action. We think the record shows that a proper demand was in fact made.

There is not anything in the language used in *State ex rel. Urton* v. *American Bank & Trust Co.*, supra, inconsistent with the conclusion here announced. In that case the principle of equitable estoppel was recognized as applicable to cases of this character, but it was held that the pleading before the court was not sufficient to constitute estoppel, and that the evidence failed to prove the allegation. Here we find both the allegations and proof sufficient.

The conclusion we have reached seems highly just. The sureties on this bond were all deeply concerned in the interests of their principal; they agreed to indemnify the county against loss on account of the deposit of county funds with the bank as a county depositary. Under the circumstances disclosed, it would be unconscionable to permit them to say that the bond had not been approved as required by law.

There has been paid to the county by the receiver of defendant bank, in dividends, the sum of $3,223.61, and defendants are entitled to credit for this amount.

The judgment is reversed, and the cause remanded, with directions to vacate and set it aside and enter judgment against defendants in accordance with the views herein stated.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.