HUGHES COUNTY, Respondent, v. SECURITY STATE BANK OF BLUNT, et al, Appellant.

(225 N. W. 298.)

(File No. 6715. Opinion filed May 7, 1929.)

*Gardner & Churchill,* of Huron, for Appellant.

MISER, C. The Security State Bank of Blunt had on October 6, 1926, $7,664.64 belonging to Hughes county. On that day the superintendent of banks took charge of the bank for the purpose of liquidation. Since at least February 14, 1924, said bank had had county funds on deposit. Prior to May 24, 1926, the bank had been designated as a county depositary, on which date the amount of county money on deposit was $8,664.74. On May 6, 1926, appellant, Farmer, who was then the president of the bank, and one Dike, as sureties, executed a bond to the county conditioned as follows:

"Whereas, the county commissioners of Hughes county have, pursuant to law, designated the principal above named as a depository of county funds: Now, therefore, the conditions of this bond and obligation are such that, if the principal shall, during the term of this bond, faithfully account for and pay on legal demand all moneys deposited with it, by or in behalf of the said county of Hughes, obligee, and shall not suspend payment during the term hereof, this obligation shall be null and void; otherwise, in full force and effect."

This bond was approved by the board of county commissioners .

on July 14, 1926. From the time of this last designation of this bank as a county depositary, no additional funds were deposited; but, instead, $1,000 was withdrawn prior to its closing. On October 6, 1926, the county treasurer having demanded full payment of the amount on deposit and payment having been refused, Hughes county brought this suit on the bond against the bank and its sureties. From judgment against the bank and the sureties for $7,664.74, appellant Farmer appeals.

■ Appellant contends that the bond was without consideration, because section 9013, R. C. 1919, provides that a bank which has complied—as this bank has complied—with the provisions of the Depositors' Guaranty Law (Rev. Code 1919, § 9005 et seq., as amended), shall not be required to give further security or bond for the purpose of being a public depositary. This court has held that such a bond is not without consideration, in Lyman County v. Whitbeck, et al (S. D.) 223 N. W. 204.

Chapter 295 of the Laws of 1925 amended section 6888, R. C. 1919, relating to the deposit of county funds and applications to be designated county depositaries and contains the following: "Provided that such applicants may furnish a good and sufficient bond to the county," and further provided "that, if the board of county commissioners, at any time after having made such designation, for good and sufficient cause, deems the security given insufficient, it shall require a new bond or an additional amount of collateral, or it may revoke its designation of a depositary and again designate another depositary or depositaries as above provided." Inasmuch as this amendment went into effect on February 1, 1926, it seems clear that the bond required of the bank was not, as appellant contends, extorted by color of office, and hence void, nor was it without consideration.

■ Appellant next contends that the bond did not become effective until it was approved on July 14, 1926, and, because no funds were thereafter deposited, no liability can be predicated thereon. Assuming, though not deciding, that the bond did not become effective until it was approved on July 14, 1926, though filed on May 22, 1926, we are of the opinion that the sureties were liable for the full amount on deposit on the date of the approval, less the $1,000 thereafter withdrawn. The terms of the bond provided that the bank should, "during the term of this bond, faith-

fully account for and pay on legal demand all moneys deposited with it by or on behalf of the said county of Hughes, obligee, and [should] not suspend payment during the term hereof."

In Overly Special School Dist. v. Haber, 193 Wis. 403, 407, 214 N. W. 342, 343, the Wisconsin court construed a bond which obligated the depositary to "well and truly account for and pay to the said obligee, * * * all funds so deposited with it as such depositary." The court said: "Had the plaintiff, when the bond went into effect, withdrawn the balance then on deposit in the bank, and instantly redeposited the amount, no question could be raised upon the subject of liability. Such action on the part of the school district or its treasurer would have amounted to a mere idle ceremony. The error assigned is extremely technical." In support of this holding, the Wisconsin court cited Brown v. Board of Commissioners, 58 Kan. 672, 50 P. 888; Myers v. Board of Commissioners, 60 Kan. 189, 56 P. 11; Fidelity, etc., Co. v. Wilkinson County, 109 Miss. 879, 69 So. 865. See, also, 18 C. J. 587.

In Brown v. Board of Commissioners, supra, the court had before it a depositary bond. The condition of the bond was "That * * * said * * * bank shall promptly pay any and all deposits of the county which may be so deposited with it, as such county depository." The court said: "Grammatically, the clause, 'which may be deposited,' may have as much the signification of past or present as of future time. The law will principally look at the purpose for which the instrument was required and given, to determine the tense of the verb. That purpose was security for the current obligations of the bank to the county; that is, for the repayment of such deposits of money as may have been made before demand of payment therefor."

In Myers et al v. Board of Commissioners, supra, the obligation was to "promptly pay on check or draft of the treasurer of the said county of Kiowa any and all of said county funds deposited with it." In that case it was held that the conditions of the obligation covered deposits in the bank existing at the time of its execution and approval.

In Fidelity, etc., Co. v. Wilkinson County, supra, the Mississippi court construed a depositary bond, the exact terms of which do not appear from a reading of the opinion. On an assignment to the same effect as appellant makes herein, the Mississippi court

said: "Permitting the bank to retain the money deposited with it when the new arrangement for the year of 1913 was made, instead of requiring it to then pay the money into the county treasury, was the equivalent in all respects of the county then depositing it with the bank. When a new arrangement is made with a county depositary, ordinarily it would be a vain and useless thing to require it to pay the money then due by it to the county into the county treasury, and for the treasurer to then immediately pay it over again to the bank."

The Wisconsin court, in the case first above cited, sums the matter up in the following language: "The bond having been given to accomplish a public purpose, viz., the protection of public funds, it must be construed with that object in view."

We therefore conclude that the judgment and order appealed from should be, and they are, affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

MISER, C., sitting in lieu of BROWN, J.