DAVISON COUNTY, Appellant, v. WESTERN NATL, BANK, et al, Respondents.

(235 N. W. 370.)

(File No. 6904. Opinion filed March 5, 1931.

*David M. Rogers,* State's Attorney, *Frank W. Mitchell* and *P. A. Zollman,* all of Mitchell, for Appellant.

*Hitchcock & Sickel,* of Mitchell, for Respondents S. E. Morris, L. S. Vickers, W. S. Hill, and S. H. Scallin.

*Gardner & Churchill,* of Huron, for Respondent W. S. Hill.

*Miller & Shandorf,* of Mitchell, for Respondent Western Natl. Bank, and F. B. Carter, receiver thereof.

*Lewis Shuster,* of Mitchell, pro se.

POLLEY, P. J. This action was brought to recover on a surety bond given to Davison county by the Western National Bank. The defendants Morris, Vickers, Hill, Scallin, and Shuster were the directors of said bank and also sureties on the bond.

On the 9th day of January, 1924, the bank made a written application to the county commissioners of Davison county to be appointed a county depository for the sum of $25,000, and in such application stated that it would "give bond as in the past." On the 10th day of January the commissioners by resolution designated the bank as one of the county depositories. The bank had been

acting as depository for the county and then had a considerable sum of the county's money on deposit, and on the 14th day of January the county treasurer deposited an additional sum of $14,-607.97. Some withdrawals were made so that on the 19th day of January the bank had $19,253.51 of the county's money, $1,000 of which was on a time certificate of deposit. On the 18th day of January the defendants filed with the county auditor of Davison county the bond involved in this action executed by the bank as principal and the five defendants above named as sureties. The penalty named in the bond is $25,000, and is conditioned for the care, custody, safe-keeping, and proper accounting for all monies "so deposited or to be deposited" in the bank by the county. On the 21st day of January the bank became insolvent and was turned over to a receiver for liquidation. On the 31st day of January the county commissioners formally approved the said bond. After the suspension of the bank proper demand was made on the bank and the sureties on the bond for the money belonging to the county. Payment was refused, and this action was commenced.

Findings of fact, conclusions of law, and judgment were for defendants, and the county appeals.

As one of the defenses to the action, the defendants contend, and the trial court found, that the bond in question was "merely an offer or proposal to guarantee deposits to be made in the future * * * and that defendants never received any consideration from the county or from any one else for the signing thereof, and that the plaintiff never paid to the defendants or anyone else any consideration whatever therefor; that the said offer to guarantee was never accepted by the county, plaintiff, nor anyone on its behalf, and no notice of acceptance thereof was ever given by the plaintiff or any of its officers to any of said defendants prior to January 31st, 1924; * * * and that the plaintiff and none of its officers ever acted upon said written instrument, and no deposit was ever made in the said Western National Bank, * * * in reliance upon said bond, or at all, from January 18th, 1924, the date of the execution of said instrument to the date of suspension of said bank."

This contention is wholly without merit. See Continental Life Ins. Co. v. Barnes (S. D.) 228 N. W. 809. In the first place, this is not a contract of guaranty. It is a contract of suretyship

in the strict sense of the word wherein the defendants bind themselves jointly and severally in the first instance. This fact was recognized by the court and the defendants, and the defendants are referred to as "sureties," rather than guarantors, in finding of fact No. 6. The consideration was ample. The bond was furnished for the purpose of securing deposits of money from the county. The bank had applied for such deposit and in its application had promised to furnish such bond. Relying upon such promise, the county made a deposit of more than $14,000. This deposit was a direct benefit to the bank, and as the sureties were all officers and stockholders in the bank, they were equally benefited. This was a sufficient consideration. The fact that the money had all been deposited before the bond was filed was immaterial, because the bond by its express terms is intended to secure money "deposited or to be deposited." Under the circumstances shown by this record it is plain that the bond was intended to secure money then on deposit.

It is next contended by defendants that there was no liability on the bond because it had not been approved and accepted by the board of county commissioners before the county money had been deposited in the bank.

The law, section 6888, Rev. Code 1919, as amended by chapter 297, Laws 1923, contemplates that the bond shall be filed, examined by, and approved by the board of county commissioners before the designation as depositary is made, but the approval is no part of the bond, and there is no provision of law to the effect that the sureties are not liable on the bond until it has been examined and approved by the commissioners; or unless it was examined and approved before the deposit was made. The bond goes into effect, if it has been filed, as soon as the money is deposited, or if it has not been filed before the money has been deposited, then as soon thereafter as it is filed. The approval of the bond is not for the benefit of the sureties, and it is not a matter of concern to them whether it is ever approved; and it comes with ill grace from these defendants, after obtaining some $19,000 of the county's money to contend that they are not liable on their bond because the bond had not been approved by the county commissioners before they received the money. Neither is it material that the bank had failed before the bond had been approved. In Lyman County v. Whit-

beck, 54 S. D. 317, 223 N. W. 204, we held that a depository bond is binding on the sureties as a common-law contract of surety, even though no such bond was required by law. See also Hughes County v. Security, etc., Bank 55 S. D. 167, 225 N. W. 298.

In finding of fact No. 3, the trial court found that in January, 1920, the Western National Bank had been designated as a county depository and pursuant thereto had filed a bond executed by the Interstate Surety Company, and that such bond "has ever since remained in full force and effect." We fail to see how this fact is in any wise material or why it was injected into the record.

■ The contract of suretyship was entered into for the purpose of securing a benefit to the principal and became effective as soon as this benefit, the deposit of the county money in the bank, was received. The benefit had been bestowed before the bond was filed. The filing of the bond completed the contract and was binding on the sureties without notice of acceptance. Dennis v. Great Northern Construction Co., 53 S. D. 646, 222 N. W. 269.

State v. Corvallis State Bank, 84 Mont. 297, 276 P. 265, is on all fours with this case. In that case the money of the county was in the bank before the bond was executed, and the bank failed before the bond was acted upon and approved by the board of county commissioners. The court held the sureties liable. For further authority, see Dickey County v. Gesme, 51 N. D. 272, 199 N. W. 873; Overly Special School District No. 44 v. Haber, 193 Wis. 403, 214 N. W. 342.

Upon the record in this case the plaintiff is entitled to judgment as prayed for in its complaint.

The judgment and order appealed from are reversed.

CAMPBELL, J., concurs in the reversal of the judgment and order appealed from.

BURCH, ROBERTS, and WARREN, JJ., concur.