ROSE *v.* RAMM.

1. PRINCIPAL AND SURETY—CONTRACT CONSTRUED AGAINST PARTY DRAFTING IT.

Construction of contract of guaranty, if uncertain, must be against party drafting it.

2. SAME—CONSTRUCTION—SPECIFIC ENUMERATION.

Specific enumeration of conditions which would render contract of guaranty void impliedly excludes other agreements from having effect of discharging it.

3. SAME—SURETY FOR HIRE.

One who conveyed his vendor's interest in a land contract, and, as part consideration, executed a contract guaranteeing payment of principal and interest, is not a gratuitous surety, and therefore not entitled to a strict construction of the contract.

4. SAME—NOTICE OF DEFAULT—PERSONAL SURETY FOR HIRE.

Failure to give notice of default of principal does not discharge a paid surety unless loss is shown therefrom, and this applies to personal sureties who receive consideration as well as to corporations engaged in the business of suretyship for hire.

5. DAMAGES—COMPUTATION OF JUDGMENT.

In an action on a contract guaranteeing payment of principal and interest due under a land contract, the amount of the mortgage tax, which plaintiff was obliged to pay to forfeit the land contract, as required by the contract of guaranty, and also the amount of general taxes and delinquent installments, were properly included in the judgment.

6. TRIAL—DIRECTED VERDICT—ISSUES OF FACT.

Directed verdict in favor of plaintiff was proper where it was justified even if certain issues of fact presented in the case were resolved in favor of defendant.

Error to Wayne; Webster (Clyde I.), J. Submitted April 23, 1931. (Docket No. 133, Calendar No. 35,468.) Decided June 1, 1931.

Assumpsit by Albert A. Rose against Max A. Ramm on a contract of guaranty. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frank C. Cook* and *John P. O'Hara,* for plaintiff.

*Corliss, Leete & Moody,* for defendant.

FEAD, J. February 21, 1927, in part payment on the purchase price of property, defendant conveyed to plaintiff the vendor's interest in a land contract running to Isadore Adler, as vendee. As part consideration for the deal, defendant executed to plaintiff an instrument, prepared by defendant, under which he guaranteed payment of principal and interest on the Adler contract, according to its terms; and by which it was agreed that plaintiff, in case of delinquency in payment, should—

"first exhaust every customary means of making land contract collections, such as notifying the said vendee personally, by telephone or by mail, following such preliminary notifications by issuing and sending notice of forfeiture to said vendee by registered mail, the guarantor hereunder to be advised in writing as soon as payments have become delinquent for a period of sixty days.

"It is further understood and agreed that this guarantee is to become null and void in the event that any changes are made in the terms thereof by said Albert A. Rose or in the event that said Albert A. Rose should dispose of his interest in the said contract."

The vendee's interest was assigned to Harry Adler on February 13, 1929, but, so far as the record indicates, without release of Isadore. The last payment was made June 11, 1929, for the installment due May 16th. Payments due June 16th and July 16th were not made. About July 16th plaintiff gave notice of forfeiture to Isadore and Harry Adler. He later brought summary proceedings and judgment of restitution was taken September 19th. Verbal notice of delinquency had been attempted in July, but defendant denied knowledge of it. Written notice was given him October 1st. Defendant did nothing about it.

Thereafter Harry Adler offered to make a new contract at a reduced price. Plaintiff sought defendant's consent to enter into the contract and claims to have received it subject to the claim that he had been wholly acquitted of the guarantee for failure of notice of delinquency. This was denied. The parties and their counsel had some conferences and correspondence, with the final result that defendant denied liability and refused to consent to a change of the contract. December 1st, plaintiff made a new contract with Harry Adler at a deduction of $759.32 from the amount due on the old contract. The court directed a verdict for plaintiff in that amount.

As defendant drafted the contract of guaranty, its construction, if uncertain, must be against him. The specific enumeration of conditions which would render the guaranty void impliedly excludes other agreements from having the effect of discharging it. Moreover, defendant was not a gratuitous surety entitled to a strict construction and observance of the contract. Failure to give notice of default of principal does not discharge a paid surety unless

loss is shown therefrom. While most of the cases in which this rule has been applied have involved corporations engaged in the business of suretyship for hire, it also applies to personal sureties who have received consideration for their engagement. *Overly Special School District* v. *Haber,* 193 Wis. 403 (214 N. W. 342). Defendant showed no injury from the delay of notice and the contract was not voided thereby.

Adler's former contract having been forfeited, the new contract was on a new sale to him. There was no evidence the property could have been sold for more money, and the case was tried on the theory that the measure of damages was the difference between such sale price and the balance owing on the contract. Defendant claims the judgment was excessive because the computation of the amount owing included mortgage tax, general taxes on the land, and delinquent installments. Plaintiff was obliged to pay the mortgage tax to forfeit as required by the contract of guaranty, and the charge was proper. The other sums were obligations of the vendee which defendant had guaranteed and the latter showed no loss from delay in paying taxes nor in failure to give him contract notice of delinquency.

The case presented some issues of fact, but even if they were resolved in favor of defendant, the directed verdict for plaintiff was justified.

Judgment is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.