ROSE v. RAMM.

PRINCIPAL AND SURETY—TERMINATION OF GUARANTY CONTRACT—VENDOR AND PURCHASER.

Contract guaranteeing payments under land contract terminated on forfeiture, resale of property, and payment of loss by obligor, and therefore latter is not liable for losses accruing after said resale, although former vendee was purchaser.

Appeal from Wayne; Runnels (Herbert W.), J., presiding. Submitted January 26, 1932. (Docket No. 202, Calendar No. 36,233.) Decided March 2, 1932.

Assumpsit in the common pleas court by Albert A. Rose against Max A. Ramm under a contract of guaranty and the common counts. · Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed.

*Frank C. Cook* and *John P. O'Hara,* for plaintiff.

*Colby, Berns & Costello,* for defendant.

BUTZEL, J. In *Rose v. Ramm,* 254 Mich. 259, we held that Rose was entitled to recover $759.32 on account of Ramm's guaranty of payments on a land contract, the vendor's interest in which had been assigned by Ramm to Rose. Harry Adler, who became the owner of the vendee's interest by assignment from Isadore Adler, a former vendee, had defaulted in his payments. Rose thereupon sent notice of forfeiture, brought summary proceedings and recovered a judgment of restitution. The guaranty contract was terminated by a resale of the property, the damages under the guaranty became fixed, and Rose recovered them in the former case.

After the contract was thus ended, Rose entered into a new contract with Adler. It provided for a reduction of $730.43 from the balance due on the forfeited contract and for serial payments at $100 instead of $125 per month. The new contract, after providing for these changes, stated that all other terms and conditions of the former contract should continue in full force and effect. Upon Adler's failure to make payments on the new contract, suit was brought in the instant case by Rose against Ramm

for five payments of $100 each, together with interest. He claimed that Ramm's guaranty was still alive and was not terminated by the former proceedings. The contract of guaranty provided that it should become null and void in the event that any changes were made in the terms thereof. Before making the new contract, Ramm's attorney wrote to Rose's attorney stating that he was willing that Rose might enter into a new contract without prejudice, but that his client declined to recognize any further liability under the guaranty. Thereupon Rose's attorney replied that he recognized defendant's refusal to be bound by his guaranty, and gave notice that he intended to make a new contract, or, if that was impossible, to oust the occupants from the premises involved, and that he expected to look to Ramm for his loss whether incurred through entering into the new contract or as the result of an entirely new sale for a lesser amount than the contract provided for. In the former suit we held that the new contract was the equivalent to a resale of the premises. It was the theory on which the former suit was brought, and it was so stated by the declaration filed. Had Rose sold the property for a lesser amount the damages under the guaranty would have been correspondingly larger. The contract of guaranty cannot be extended to cover losses that might accrue under a new contract of sale, nor can we rewrite the contract in accordance with equities that appealed to the trial judge who found in favor of plaintiff. We are constrained to hold that the guaranty contract did not extend to the new contract, and defendant is not liable for any further losses thereunder.

The judgment is reversed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.